UNITED STATES of America,
Plaintiff–Appellee,

v.

Santos Luis SERRANO,
Defendant–Appellant.

No. 89–10583.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1991.

Decided July 24, 1991.

Atmore Baggot, Phoenix, Ariz., for defendant-appellant.

Tim Holtzen and Linda Boone, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, BOOCHEVER and NOONAN, Circuit Judges.

BOOCHEVER, Circuit Judge:

Santos Luis Serrano appeals his conviction for possession with intent to distribute cocaine based on several alleged sentencing errors. Because it is unclear whether the district court accepted the sentence term of Serrano's plea agreement, we remand for further proceedings consistent with this opinion.

## BACKGROUND

Serrano was indicted of various drug-related charges. He agreed to plead guilty to one possession count in exchange for the government's promise to dismiss the other counts. The plea agreement also provided:

> Defendant will provide substantial cooperation of information in exchange for a stipulated sentence of 60 months. If the defendant does not provide substantial cooperation, he will receive a stipulated sentence of 78 months. The FBI has the sole discretion and judgment to determine whether the defendant provided substantial cooperation....

Finally, the agreement contained a waiver of Serrano's right to appeal.

At the plea hearing, the court informed Serrano that, although his agreement provided for a specific sentence, the court was free to disregard the stipulated sentence term (presumably after it had an opportunity to review the presentence report). The court further stated that, if it determined that a different sentence was appropriate, Serrano would be permitted to withdraw his plea pursuant to Federal Rule of Criminal Procedure 11(e)(4).

Thereafter, a presentence report was prepared which recommended a two-level increase for possession of a revolver and a two-level reduction for acceptance of responsibility, resulting in a sentencing range of seventy-eight to ninety-seven months, a supervised release term of at least four but not more than five years, and a fine. The report noted potential departure factors, including Serrano's agreement to cooperate with the government.

At the sentencing hearing, the court asked Serrano whether he disputed anything in the presentence report. Through his attorney, Serrano responded that the adjustment for possession of the revolver was inappropriate because the revolver was found in his truck with $13,000 of drug-scented money, while he was arrested when taking a shower in a mobile home. Serrano did not ask for a specific ruling on this issue, however, stating that he relied upon the stipulated sentence. The court's only response to this concern was to state, "all right, sir," after which the court sentenced Serrano to seventy-eight months imprisonment, five years supervised release,

and a $1,000 fine. The court explained that the sentence was "at the low end of the guideline range, but it does include a significant period of confinement to appropriately reflect the serious nature of possessing a controlled substance...."

After the hearing, the court filed a sentencing memorandum indicating that it accepted a Rule 11(e)(1)(A)[1] charge agreement but did not accept a Rule 11(e)(1)(C) sentence agreement. At the end of the memorandum, the court again noted that the sentence was at the low end of the guideline range "to reflect the absence of any prior felony convictions."

## DISCUSSION

██ Before we proceed, we must address the government's argument that Serrano waived his right to appeal. We reject this argument because a waiver does not apply when a party contends, as Serrano does here, that a sentence was not in accordance with a plea agreement. *United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir.1990).

██ Turning to the sentencing issue, we are faced with contradictory evidence as to whether the district court accepted the sentence term of the plea agreement. In its sentencing memorandum, the court noted its rejection of the sentence term and its explanations of the sentence, which do not mention the sentence term, confirm this rejection. Yet, at oral argument, the parties assumed the court had accepted the sentence term and after submission of the appeal, the court entered an order stating that "the agreement was in fact accepted by the court as presented."

## I.

██ If the court accepted the term, the only justification for a seventy-eight month sentence would have been Serrano's failure to cooperate with the FBI. The record, however, lacks evidence of whether or not Serrano cooperated. We reject Serrano's argument that because there is no evidence, he is entitled to a sixty-month sentence as a matter of law. Although we noted in *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir.1988), the case Serrano relies upon, that it is the government's burden to show by a preponderance of the evidence that a defendant breached a plea agreement, the issue here is not whether the government satisfied its burden, but whether there is *any* evidence on the issue of cooperation. Serrano's agreement specifically contemplates a finding as to whether he cooperated so we cannot conclude that because there is no evidence of noncooperation, he must have cooperated. Thus, as the government concedes, the case should be remanded to determine whether or not Serrano cooperated.[2]

██ We reject Serrano's related contention that, regardless of whether he cooperated, the district court sentenced beyond the agreement by imposing supervised release and a fine. This contention is based upon the lack of any mention of the release and fine terms in the plea agreement provision entitled, "Agreements Regarding Sentencing." That provision, reproduced *supra*, mentions only the prison term. Another provision of the agreement, however,

---

1. The relevant part of Rule 11(e)(1) provides:
   The attorney for the government and the attorney for the defendant ... may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty ... to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
     (A) move for a dismissal of other charges; or

     (C) agree that a specific sentence is the appropriate disposition of the case....

2. We also reject Serrano's argument that we are bound by the district court's refusal to allow the government to amend the record by adding a September 12, 1989 FBI letter. The record was not amended and we must review the sentencing on the basis of the record presented to us. This record is devoid of evidence indicating an FBI determination of whether Serrano cooperated.

notes that Serrano is subject to mandatory supervised release and a mandatory fine. Thus, Serrano was on notice that his sentence was not limited to a prison term. Although Serrano is correct in stating that the government is to be held to the literal terms of a plea agreement, *Packwood,* 848 F.2d at 1012, we have stated: "[i]n determining whether a plea agreement has been broken, courts look to 'what was "reasonably understood by [the defendant] when he entered his plea of guilty." ' " *United States v. Kamer,* 781 F.2d 1380, 1387 (9th Cir.), *cert. denied,* 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986) (quotation and citations omitted). Not only were the terms mentioned in the agreement thereby putting Serrano on notice, he did not object to these provisions at the sentencing hearing after the court imposed all of the sentencing terms. We therefore conclude that Serrano reasonably understood that his sentence would include not only the specific prison term provided for in the agreement, but also the statutorily-mandated release and fine terms. *Compare United States v. Pomazi,* 851 F.2d 244, 250–51 (9th Cir. 1988), *abrogated on other grounds sub nom., Hughey v. United States,* — U.S. ——, 110 S.Ct. 1979, 1984, 109 L.Ed.2d 408 (1990) (where plea agreement silent as to sentence, we upheld sentence despite Pomazi's contention that the government breached the agreement by recommending restitution because Pomazi was advised by the court that he faced potential fine) *with Kamer,* 781 F.2d at 1387–89 (where plea agreement mentioned only prison term, we vacated the sentence due to inclusion of probation and restitution terms because (1) although Kamer did not orally object at the sentencing hearing, probably because he was not represented by counsel, he filed notice of appeal immediately after sentencing, (2) there was no mention by anyone of these terms prior to sentencing, (3) several times the court indicated that restitution would not be imposed, and (4) Kamer told the judge it was his understanding that restitution would not be imposed).

## II.

If the court rejected the sentence term, it should have given Serrano an opportunity to withdraw his plea pursuant to Federal Rule of Criminal Procedure 11(e)(4). If Serrano adheres to his plea despite the guideline sentence, the district court must reconsider Serrano's argument that he did not possess the revolver during commission of the offense because his sole participation consisted of making several telephone calls. The court initially should make factual findings pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D) as to the source of the drug-scented money found in Serrano's truck with the revolver. Serrano claimed in the presentence report that the money was loaned to him. It is unclear whether the district court assumed that Serrano's claim was credible and nevertheless applied the two-level adjustment for possession of the revolver pursuant to § 2D1.1 of the Sentencing Guidelines, or whether the court rejected the claim as incredible. The source of the money may be relevant to the issue of whether it is "clearly improbable that the weapon was connected with the offense." United States Sentencing Commission, *Guidelines Manual,* § 2D1.1, comment. (n. 3). *See United States v. Willard,* 919 F.2d 606, 609–10 (9th Cir.1990) (discussing application of adjustment and 'clear improbability' where weapons found some miles distant from site of offense).

## CONCLUSION

In sum, if the district court accepted the sentence term, it must resentence him in accordance with the plea agreement, including in the record evidence of whether or not Serrano cooperated with the FBI. If, on the other hand, the court rejected the sentence term, it should have informed Serrano of its decision and afforded him an opportunity to withdraw his plea. We therefore reverse and remand with instructions that the court vacate the sentence and institute new proceedings consistent with

this opinion.[3]

REVERSED AND REMANDED.

---

**3.** Because of our remand, Serrano's claim that he had insufficient time to review the presentence report is moot.