963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo PONCE-RODRIGUEZ, Defendant-Appellant.
 No. 91-50501.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Pablo Ponce-Rodriguez of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). [ER 29]. Codefendant Rafeal Ferreira-Zamora's testimony supplied most of the evidence against Ponce-Rodriguez. Ponce-Rodriguez did not, himself, take the stand. He states that he did not testify because of the government's threat to impeach his testimony with the results of a stipulated polygraph examination.
 
 
 3
 On appeal, he challenges the sufficiency of the evidence to support his conviction. He also challenges the district court's failure to preclude any use of the polygraph results. We have jurisdiction over this timely appeal and we affirm.
 
 
 4
 * In September 1990, Ferreira-Zamora drove a car to the San Clemente Border Patrol Checkpoint with Ponce-Rodriguez in the passenger seat and 56 pounds of marijuana in the trunk. When questioned by border patrol agents, Ferreira-Zamora gave conflicting statements about the possibility of opening the trunk, the ownership of the car and the contents of the nylon travel bags in the trunk. Ferreira-Zamora gave permission for the bags to be searched and the agents arrested both men. Ponce-Rodriguez waived his constitutional rights and stated that he knew nothing about the marijuana and that he had hitched a ride with Ferreira-Zamora from San Ysidro.
 
 
 5
 In January 1991, the government and Ponce-Rodriquez entered into a stipulation which called for Ponce-Rodriguez to submit to a polygraph test administered by the FBI. [ER 26-28]. The stipulation provides in part:
 
 
 6
 2. If the result of that test is that defendant has answered truthfully to questions asked and which answers support his innocence, then the United States will dismiss the pending indictment with prejudice.
 
 
 7
 3. If the result of that test is that defendant has not answered truthfully to questions asked and which answers support his guilt, the result shall be admissible evidence to be used against defendant in the United States' case-in-chief. Furthermore, the defendant waives his right to contest the accuracy or circumstances of this and all polygraph tests before the jury and further waives his right to petition the judge not to admit the result into evidence. Finally, the defendant waives all right of appeal concerning the admissibility of the result. [ER 27]
 
 
 8
 Judge Gilliam questioned Ponce-Rodriguez, confirming that the defendant understood and agreed to the stipulation which he signed. Ponce-Rodriguez took the polygraph examination and the results indicated that his story was not truthful. After Judge Bogue, the trial judge, expressed qualms about the stipulation and stated that he would not have approved such a document, the government's attorney said that he would introduce the polygraph results only to impeach Ponce-Rodriguez' testimony. [ER 24; RT 137].
 
 
 9
 Ferreira-Zamora pled guilty to a reduced charge and testified against Ponce-Rodriguez. Ferreira-Zamora testified that he had been recruited by "El Primo" to drive a car containing marijuana into the United States from Mexico. The day before the arrest, he, Ponce-Rodriguez, and several others met with El Primo to work out the details. El Primo ordered Ponce-Rodriguez to accompany Ferreira-Zamora to Los Angeles to show him the route and make sure he did as he was supposed to. Ferreira-Zamora further testified that he and Ponce-Rodriguez met with others in San Ysidro where the marijuana was loaded. [RT 68-81].
 
 
 10
 Ponce-Rodriguez' attorney challenged Ferreira-Zamora's credibility and pointed to inconsistencies in his testimony. Nonetheless, the jury convicted Ponce-Rodriguez. The district court sentenced him to 27 months imprisonment followed by two years of supervised release.
 
 II
 
 11
 Ponce-Rodriguez challenges the sufficiency of the evidence by arguing that Ferreira-Zamora's testimony was neither corroborated nor credible. Ponce-Rodriguez' presence in the car provides the only corroborating evidence. Ponce-Rodriguez argues that Ferreira-Zamora's favorable plea bargain, obvious incentive to spread the blame and inconsistencies in his statements fatally undercut his credibility.
 
 
 12
 We have held that "[t]he uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face." United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987); see also United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991). We recognize that "there comes a point when the witness' qualifications are so shoddy that a verdict of acquittal should have been directed." Lyda v. United States, 321 F.2d 788, 795 (9th Cir.1963) (finding that point not reached in case challenging accomplice's testimony).
 
 
 13
 Ferreira-Zamora's testimony was not "incredible or unsubstantial on its face." Lopez, 803 F.2d at 973. His story holds together, and his inconsistent statements do not fundamentally undercut it. His qualifications are not "so shoddy" as to disable the jury from crediting his testimony. Lyda, 321 F.2d at 795.
 
 
 14
 The jury was aware of the challenges to Ferreira-Zamora's credibility and aware of his inconsistent statements. Nevertheless, the jury believed him. See Lopez, 803 F.2d at 973. We "respect the exclusive province of the jury to determine the credibility of witnesses." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (per curiam) (citation omitted). Viewing the evidence in the light most favorable to the government, there was sufficient evidence for a rational jury to convict Ponce-Rodriguez. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 II
 
 15
 Ponce-Rodriquez next asserts that even if there was sufficient evidence, his case is similar to Lyda v. United States, 321 F.2d 788, 795 (9th Cir.1963) in which "the sufficiency of the evidence [presents] so close a question as to bring into sharp relief the other [alleged] errors," and thus warrants reversal. The other errors Ponce-Rodriquez alleges relate to the stipulated polygraph examination. He argues that the stipulation incompletely described the testing procedures, that the examination was longer than he had been told it would be and that the district court failed to make required findings about the reliability of the results. Given these failings, he argues, the results should have been suppressed. He states that the government's threat to introduce the results to impeach his testimony prevented him from taking the stand.
 
 
 16
 Ponce-Rodriguez did not ask for a ruling on the admissibility of the results for impeachment purposes and did not object to the government's proposed use of the results. Because he did not object, we review for plain error. United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 
 17
 "This circuit generally disfavors the admission of polygraph evidence." United States v. Miller, 874 F.2d 1255, 1261 (9th Cir.1989). Polygraph evidence is inadmissible to establish the truth or falsity of a party's statements "unless the parties have stipulated to the admissibility of the polygraph results before the examination is administered, and the court is satisfied that the examination has been administered in a manner which supports the reliability of the polygraph results." Brown v. Darcy, 783 F.2d 1389, 1391 (9th Cir.1986). Here, the government threatened to use the results not to establish the truth or falsity of statements but rather to impeach a witness. Even so, the validity of the stipulation and the procedures are of concern.
 
 
 18
 As the district court noted, the stipulation "could have been a lot better." [ER 18]. The stipulation should have included more specifics on the manner in which the test was to be conducted. See United States v. Piccinnona, 885 F.2d 1529, 1536 (11th Cir.1989) (en banc) (holding that "the stipulation as to the circumstances must indicate that the parties agree on material matters such as the manner in which the test is conducted [and] the nature of the questions asked."); see also Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990) (citing Piccinnona with approval). It should have included more specifics on the nature of the questions to be asked. See Piccinnona, 885 F.2d at 1536. This lack of specificity is troubling in light of the broad waiver of the right to appeal.[1]
 
 
 19
 Nevertheless, the stipulated examination does not provide a basis to reverse Ponce-Rodriguez' conviction. The record reflects the district court's consideration of the stipulation and the examination. [RT 12-30; 137-144]. Although the stipulation should have been more specific, neither the stipulation nor the examination was facially deficient. Neither makes plainly erroneous the district court's decision, before trial and without objection from Ponce-Rodriguez, not to preclude the government from using the results as impeachment evidence.
 
 III
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We leave for another day the government's argument that this waiver provision prevents any appeal relating to the admissibility of the results. As the government notes, in United States v. Navarro-Bottelo, 912 F.2d 318, 321-22 (9th Cir.1990), we upheld a waiver of right to appeal a sentence as part of a negotiated plea agreement. We have also held, however, that this waiver does not apply when the defendant contends that the sentence was not in accordance with the plea agreement. United States v. Serrano, 938 F.2d 1058, 1060 (9th Cir.1991)
 Here, Ponce-Rodriquez' appeal includes challenges to examination procedures which were not set out in the agreement. Hence, it is not clear that under Navarro-Bottelo the stipulated waiver precludes this appeal.