974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Santos Luis SERRANO, Defendant-Appellant.
 No. 91-10608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 4, 1992.*
Decided Sept. 15, 1992.
 
 Before TANG, BOOCHEVER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The factual background of this case is set forth in our prior opinion, United States v. Serrano, 938 F.2d 1058 (9th Cir.1991). We remanded the case for the district court to indicate whether it accepted the sentence term specified in the plea agreement, in which event the court was to resentence Serrano in accordance with that agreement, "including in the record evidence of whether or not Serrano cooperated with the FBI." Id. 1061. If the court rejected the sentence term, it was to inform Serrano of its decision and afford him an opportunity to withdraw his plea. Id.
 
 
 3
 The district court resentenced Serrano specifying that it accepted the plea agreement including its sentencing term. The court held that the FBI was the entity to determine whether or not the defendant had cooperated and that it had determined that he did not cooperate with the agency. Accordingly, the court found that the defendant did not cooperate with the FBI and, therefore, the agreement provided for a 78 month sentence. The court also found that a weapon found in a truck was possessed by the defendant so as to enhance the guideline level by two in accordance with Guideline 2D1.1(b)(1).
 
 
 4
 The plea agreement provided for a stipulated sentence of 60 months but stated, "[i]f the defendant does not provide substantial cooperation information, he will receive a stipulated sentence of 78 months." Excerpt of Rec. 7. The FBI was given sole discretion to determine whether the defendant provided substantial cooperation, and the exercise of that discretion was not to be reviewable by any court. The FBI testified that Serrano did not provide substantial cooperation. Thus the stipulated sentence was 78 months, the same sentence that was imposed.
 
 
 5
 In view of the plea agreement, the question of whether Serrano should receive two additional points for possession of the firearm is immaterial. He would receive the same sentence of 78 months under the plea agreement regardless of the resolution of this issue. Without the two points for the firearm enhancement, Serrano's offense level was 26 points which, with a history Category I, authorizes a sentence of 63 to 78 months. With the two points added, the sentencing range is 78 to 97 months. In either event, the stipulated sentence of 78 months would apply.
 
 
 6
 Serrano's contention that he received ineffective assistance of counsel is a collateral matter, which is not subject to our review on this direct appeal. See United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991). The record is not sufficiently developed to determine whether the defendant received ineffective assistance of counsel, nor whether any errors on the part of defendant's counsel prejudiced the outcome of the sentencing.
 
 
 7
 Serrano is bound by the plea agreement which included a waiver of "his right to appeal the court's entry of judgment against him and the imposition of sentence upon him." Excerpt of Rec. 8. Because the sentence was in accordance with the plea agreement, the exception of the waiver to a right to appeal which we found in our prior opinion is not applicable.
 
 
 8
 The judgment and sentence of the district court are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3