983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eberto GUTIERREZ, Defendant-Appellant.
 No. 91-10118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eberto Gutierrez appeals from his sentence, imposed following a guilty plea to one count of attempted possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Gutierrez contends that his sentence should be vacated because the government violated the terms of his plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and we vacate and remand.
 
 
 3
 Generally, a claim that a plea agreement has been breached cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991); United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991). Nevertheless, we have recognized a possible exception to this rule when the record reveals that "plain error has occurred and an injustice might otherwise result." Flores-Payon, 942 F.2d at 558. A defendant's waiver of the right to appeal does not apply if the government breaches the plea agreement. United States v. Serrano, 938 F.2d 1058, 1060 (9th Cir.1991).
 
 
 4
 Here, Gutierrez entered into a plea agreement pursuant to which he agreed to cooperate with the government and to waive his right to appeal. The government agreed, inter alia, to make his cooperation known to the district court at the sentencing hearing and to recommend pursuant to U.S.S.G. § 5K1.1 that the district court depart downward to a sentence of no more than twelve months.
 
 
 5
 At sentencing, although the government did mention Gutierrez' cooperation, it did not make a formal motion under section 5K1.1 until after sentence had been imposed and at no time recommended a departure down to twelve months. Further, it is unclear from the record whether the district court understood that Gutierrez had completed his cooperation prior to the sentencing hearing. It appears, therefore, that the government breached the plea agreement. See United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988) (per curiam) ("prosecuting attorneys must keep promises made in plea agreements"). Accordingly, we will not enforce the plea agreement's waiver of Gutierrez' right to appeal his sentence. See Serrano, 938 F.2d at 1060.
 
 
 6
 Gutierrez did not object to the breach before the district court. Nevertheless, as the record suggests a strong possibility that an injustice has occurred, we vacate the sentence and remand for resentencing. Cf. Flores-Payon, 942 F.2d at 560. The district court shall determine whether the plea agreement was breached and, if appropriate, allow the government to fulfill its obligations before imposing sentence. See Fisch, 863 F.2d at 691.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3