9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leyla MARTINEZ, Defendant-Appellant.
 No. 92-55755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 22, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leyla Martinez, a federal prisoner, appeals pro se the denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. Martinez pleaded guilty to one count of distribution of 10.2 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). She contends that the district court violated the terms of her plea agreement by sentencing her to seventy rather than sixty months imprisonment. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 In determining whether a plea agreement has been breached, we look to what the defendant reasonably understood when she entered her plea. United States v. Serrano, 938 F.2d 1058, 1061 (9th Cir.1991). The government must strictly abide by promises made in plea agreements. Id. The United States Sentencing Guidelines permit the district court to base a sentence on the acts involved in dismissed counts if those acts are part of the same course of conduct as the offense of conviction. United States v. Fine, 975 F.2d 596, 599-600 (9th Cir.1992) (en banc).
 
 
 4
 Martinez was subject to a mandatory minimum sentence of 60 months imprisonment. See 21 U.S.C. § 841(b)(1)(B). The district court calculated her base offense level as twenty-eight on the basis of the more than twenty grams of cocaine base attributable to the three counts with which she was charged. See U.S.S.G. § 2D1.1(c)(8). The district court subtracted two levels for acceptance of responsibility and placed Martinez in criminal history category II. Her Guidelines range therefore was seventy to eighty-seven months, and the district court sentenced her to seventy months at the low end of the range.
 
 
 5
 Martinez contends that according to her plea agreement, the cocaine base attributable to the two dismissed counts was not to be used in calculating her sentence. If the district court had used only the 10.2 grams of cocaine base attributable to the offense of conviction, then Martinez's base offense level would have been 26, and her range would have been fifty-seven to seventy-one months.
 
 
 6
 At the plea hearing, defense counsel stated that the amount of cocaine base to be used in calculating Martinez's sentence was "the net weight reflected by the three sales that were involved in this matter." Martinez testified that her attorney's statement was correct. The prosecutor then stated that the cocaine base involved in the three sales would be reweighed, and that if the reweighed amount was greater than twenty grams, then the government would recommend a sentence at the low end of the Guidelines range.
 
 
 7
 Thus, the record shows that Martinez's plea agreement permitted the district court to base her sentence on the cocaine base attributable to the three counts with which she was charged. Martinez's seventy-month sentence did not violate the plea agreement, and the district court did not err by denying her § 2255 motion. See Serrano, 938 F.2d at 1061.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3