61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus R. GARCIA, Defendant-Appellant.
 No. 93-10640.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus R. Garcia appeals his sentence of 96 months imposed following a guilty plea to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a) and 846, and laundering of monetary instruments in violation of 18 U.S.C. Secs. 1956(a)(1)(A)(i) and (2). Garcia contends that the district court sentenced him in violation of the plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Garcia pled guilty to an information charging him with conspiracy to distribute an unspecified amount of marijuana. The plea agreement limited the amount of marijuana attributable to Garcia to "no more than 3,000 kilograms." Another provision of the plea agreement stated that "the penalties set by Congress for a violation of said statute is [sic] a term of incarceration not to exceed 20 years...." The parties agreed that the Sentencing Guidelines applied and any calculation under the Sentencing Guidelines was not binding on the district court.
 
 
 4
 At the change of plea hearing, the district court reiterated the possible maximum sentence, explained that "the relevant conduct that [it] may consider in determining the offense level would be no more than 3,000 kilograms of marijuana, and [Garcia had] the right to argue at sentencing that in fact it was less than that," and stressed its discretion in sentencing Garcia. Garcia confirmed that this was his understanding.[1]
 
 
 5
 The presentence report calculated Garcia's offense level based upon 1,000 to 3,000 kilograms of marijuana.[2] The district court accepted the presentence report's calculation without any objection as to the amount of marijuana and noted that a statutory minimum sentence would apply due to the quantity of marijuana involved.[3]
 
 DISCUSSION
 
 6
 When construing a plea agreement, we look to a defendant's reasonable understanding of the terms of the plea agreement when he entered the plea. United States v. Serrano, 938 F.2d 1058, 1061 (9th Cir. 1991) (defendant reasonably understood his sentencing agreement where he was put on notice of term and did not object to it at sentencing); see also United States v. Mason, 961 F.2d 1460, 1463 (9th Cir. 1992) (district court was not bound by agreement affecting sentencing decision where it informed defendant that no "deal" had been made regarding his sentence); cf. United States v. Anderson, 970 F.2d 602, 606-07 (9th Cir. 1992) (remanding for district court to determine what parties reasonably understood to be terms of plea agreement where agreement was ambiguous on its face and its language was not inconsistent with defendant's interpretation), amended, 990 F.2d 1163 (9th Cir. 1993). An objective standard applies. See Anderson, 970 F.2d at 607. Accordingly, we review the district court's finding as to the terms of a plea agreement for clear error. See United States v. Read, 778 F.2d 1437, 1441 (9th Cir. 1985), cert. denied, 479 U.S. 835 (1986).
 
 
 7
 Garcia contends that the district court's finding that the statutory minimum sentence of 10 years applied to his sentence did not conform with his understanding of the plea agreement. In particular, Garcia argues that since the plea agreement specified a 20-year statutory maximum sentence, he could only be penalized under 21 U.S.C. Sec. 841(b)(1)(C), which limits the amount of marijuana to less than 100 kilograms. See 21 U.S.C. Sec. 841(b)(1)(C). However, Garcia's understanding of the plea agreement was not objectively reasonable. See Anderson, 970 F.2d at 607. The plea agreement and the district court put Garcia on notice that his sentence could be based on a maximum of 3,000 kilograms of marijuana. See Serrano, 938 F.2d at 1061. The district court emphasized that it retained the final discretion in determining Garcia's sentencing. See Mason, 961 F.2d at 1462-63. At sentencing, Garcia did not object to the presentence report's recommendation of 1,000 to 3,000 kilograms of marijuana as the basis for his offense level calculation. See Serrano, 938 F.2d at 1061. Moreover, Garcia received 96 months of imprisonment, less than the maximum sentence of which he was advised. Thus, the district court sentenced Garcia in accordance with the plea agreement. See Serrano, 938 F.2d at 1061; cf. Anderson, 970 F.2d at 606-07.
 
 
 8
 Garcia argues that the district court based its conclusion that the 10-year minimum sentence applied to him upon information contained in a dismissed indictment. However, the district court's conclusion was apparently based upon the undisputed facts in the presentence report. See Read, 778 F.2d at 1441.
 
 
 9
 Garcia also argues that his sentence failed to comport with an alleged oral promise made by the government that he would receive a sentence of 3 to 5 years. Not only did the government negate his allegation, the plea agreement did not mention such a promise. Garcia admitted that the plea agreement contained all the promises. See United States v. Quan, 789 F.2d 711, 714 (9th Cir.) (no breach where government abided by express terms of plea agreement), cert. dismissed, 478 U.S. 1033 (1986).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court's minutes of the hearing indicated a maximum penalty of 40 years
 
 
 [2]
 Another part of the presentence report stated that the maximum sentence would be 20 years under 21 U.S.C. Sec. 841(b)(1)(C)
 
 
 [3]
 The district court was apparently referring to 21 U.S.C. Sec. 841 (b)(1)(A)(vii). See 21 U.S.C. Sec. 841(b)(1)(A)(vii) (1993) (defendant convicted for distributing 1,000 kilograms or more of marihuana "shall be sentenced to a term of imprisonment ... not ... less than 10 years."