87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin YEARWOOD, Defendant-Appellant.
 No. 95-50318.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided June 13, 1996.
 
 Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Yearwood entered into a plea agreement under which he waived his right to appeal and pled guilty to conspiracy to possess with intent to distribute more than five ounces of cocaine in violation of 21 U.S.C. § 846. In this appeal, he contends (1) his appeal waiver was ineffective because the government breached the plea agreement and (2) the district court erred in holding Yearwood did not qualify under the "safety valve" provisions of the Sentencing Guidelines for a sentence less than the statutory minimum for his crime. We find Yearwood's waiver valid and dismiss his appeal.
 
 
 3
 We review an alleged breach of a plea agreement de novo. United States v. Diamond, 53 F.3d 249, 252 (9th Cir.1995). We review the validity of a waiver of the statutory right of appeal de novo. United States v. Buchanan, 59 F.3d 914, 916 (9th Cir.1995).
 
 
 4
 A defendant's waiver of appeal is unenforceable if he is sentenced in violation of a plea agreement. United States v. Serrano, 938 F.2d 1058, 1060 (9th Cir.1991). When the sole purpose of asserting a plea agreement breach is to avoid waiver of the right to appeal, a defendant may raise the issue for the first time on appeal as Yearwood did in this case. United States v. Gonzalez, 16 F.3d 985, 989-900 (9th Cir.1994).
 
 
 5
 The principles of contract law govern the interpretation of plea agreements. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). In determining whether a breach of agreement occurred, we look to what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). The Yearwood plea agreement is clear and unambiguous. Under the agreement, Yearwood waived his right to appeal any sentence which did not exceed an offense level of 34 under the Sentencing Guidelines. He also acknowledged that the government reserved its right to bring to the court's attention any lack of truthfulness or cooperation.
 
 
 6
 When Yearwood entered his plea, the district court conducted a thorough and comprehensive examination. The court specifically inquired of Yearwood whether or not he understood the government's right to argue against a downward departure from the mandatory minimum sentence under the "safety valve" provisions. The court repeatedly instructed Yearwood that there were no guarantees either as to the sentence imposed or the government's position on sentencing. Yearwood acknowledged he understood.
 
 
 7
 The government later asserted that Yearwood had given conflicting versions concerning the participation of another defendant and opposed sentence reduction pursuant to U.S.S.G. 5C1.2. Yearwood claims his statements were consistent and the government's opposition constituted a bad faith breach of the plea agreement.
 
 
 8
 The government's opposition was within the rights reserved under the plea agreement as both parties understood it at the time Yearwood entered his plea. Based on a complete review of the record, we find the government did not breach the agreement and Yearwood's waiver of appeal is enforceable. Because of this finding, we need not examine the other issue raised by Yearwood. Yearwood's appeal is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3