UNITED STATES of America, Plaintiff–Appellee,

v.

Lewis BONIFACE, Defendant–Appellant.

No. 99–17349.

D.C. No. CR–93–00454–EJG, CV–97–01491–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Federal prisoner Lewis Boniface appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and sentence for one count of possession of ephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a § 2255 motion, *United States v. Allen*, 157 F.3d 661, 663 (9th Cir.1998), and we affirm.

The first issue upon which we granted a certificate of appealability is whether Boniface's waiver of the right to file a 28 U.S.C. § 2255 motion is valid and enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992) (stating that a knowing and voluntary waiver is enforceable). The waiver does not apply where a defendant alleges that his sentence did not conform with his Fed. R.Crim.P. 11(e)(1)(C) plea agreement. *See United States v. Serrano*, 938 F.2d 1058, 1060 (9th Cir.1991). We therefore review

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Boniface's appeal in order to determine whether his sentence fails to comply with his Rule 11(e)(1)(C) plea agreement. *See United States v. Portillo–Cano*, 192 F.3d 1246, 1248, 1250 (9th Cir.1999).

Boniface contends that the district court violated Rule 11 by imposing a sentence greater than that specified in the plea agreement. Boniface claims that the district court sentenced him beyond the agreed upon 120–month sentence by imposing three years of supervised release, subjecting him to standard and special conditions of supervised release, and imposing a $50 special assessment. Boniface's allegation is without merit.

In a § 2255 proceeding, Boniface "must establish that the [Rule 11] violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." *United States v. Grewal*, 825 F.2d 220, 222 (9th Cir.1987) (citations omitted). He must also show prejudice: that he was unaware of the consequences of his plea and that he would not have pleaded guilty if Rule 11 had been followed. *Id.* Boniface's contention fails because he has never claimed that he would not have pleaded guilty. *See United States v. Rivera–Ramirez*, 715 F.2d 453, 456–57 (9th Cir.1983). Indeed, he insists that he wanted to avoid the district court's "threat" of trial.

Boniface also argues that his appellate counsel was ineffective because he failed to raise the alleged Rule 11 violation. His argument is without merit. In order to demonstrate ineffective assistance of appellate counsel, Boniface must show that counsel's performance fell below an objective standard of reasonableness and that he otherwise would have prevailed on appeal. *United States v. Birtle*, 792 F.2d 846, 847, 849 (9th Cir.1986), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Boniface has failed to establish prejudice from appellate counsel's purported ineffectiveness because he would not have prevailed on appeal. *See Serrano*, 938 F.2d at 1060–61 (stating that defendant's failure to object at sentencing suggests his understanding that statutorily-mandated supervised release would be imposed). Because defendant has failed to establish the prejudice prong, we do not reach the reasonableness prong. *See Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir.1997) (stating that both prongs of the *Strickland* test do not have to be evaluated if the defendant fails to establish one).

AFFIRMED.[1]

---

1. Boniface's request to broaden his certificate of appealability is denied.