Daren Christensen HATFIELD,
Petitioner–Appellant,

v.

C.A. TERHUNE, Director,
Respondent–Appellee.

No. 01–55245.

D.C. No. CV–99–02240–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM **

Daren Christensen Hatfield, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1997 sentence following a guilty plea to three counts of robbery in violation of Cal.Penal Code § 211. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 & 2253, and we affirm.

We review de novo the district court's decision to deny a petitioner's habeas petition. *See Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001). Because the Antiterrorism and Effective Death Penalty Act (AEDPA) governs petitioner's case, we may grant habeas relief only if the state court's decision (1) was contrary to, or involved an unreasonable application of,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

clearly established Federal law, as determined by the Supreme Court of the United States or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Hatfield contends that the California courts violated his right to due process by counting his 1992 conviction for battery with serious bodily injury as a serious felony and using it to enhance his current sentence pursuant to Cal.Penal Code § 667(a). We disagree.

■ To the extent that Hatfield contends that the use of his prior conviction to enhance his current sentence is an ex post facto clause violation, this contention lacks merit. Statutes that enhance punishment for present offenses because of prior convictions, such as CPC § 667(a), do not violate the ex post facto clause, even if the prior convictions occurred before enactment of the statute. *See Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *United States v. Ahumada–Avalos,* 875 F.2d 681, 684 (9th Cir.1989) (per curiam) (holding that a statute that enhanced a current sentence was not an ex post facto clause violation when the statute providing for the enhancement was "on the books" at the time that the current offense was committed).

■ To the extent that Hatfield contends that his right to due process was violated because the government breached the plea agreement in his 1992 conviction, this contention also lacks merit. The California Court of Appeal found that in negotiating Hatfield's 1992 plea, the parties never agreed that Hatfield's conviction for battery would not be charged as a serious felony and further, that the plea agreement did not limit the resulting collateral

effects of the conviction. Applying a presumption of correctness to the California courts' findings of fact, we cannot say that this determination was contrary to, or an unreasonable application of established federal law. *See* § 2254(e); *United States v. Serrano,* 938 F.2d 1058, 1061 (9th Cir. 1991) (stating that in determining whether a plea agreement has been broken, courts look to what was reasonably understood by the defendant when he entered his plea of guilty).

**AFFIRMED.**