**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Enrique TORRES, Defendant–Appellant.**

**No. 92–50549.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 1993 *.

Memorandum Filed June 1, 1993.

Order and Opinion Filed July 21, 1993.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Stephanie R. Thornton and Antonio F. Yoon, Law Graduate, Federal Defenders of San Diego, Inc., San Diego, CA, for defendant-appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.

### ORDER

The memorandum disposition filed June 1, 1993 is redesignated a per curiam opinion.

### OPINION

PER CURIAM:

Enrique Torres seeks to appeal his sentence of 33 months, imposed under the United States Sentencing Guidelines ("Guidelines"), following his guilty plea to importing 117 pounds of marijuana into the United States in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2. Torres claims the district court's refusal to depart downward pursuant to *United States v. Valdez–Gonzalez*, 957 F.2d 643 (9th Cir.1992), rendered void his waiver of the right to appeal his sentence. Alternatively, he claims he should be allowed to withdraw his guilty plea because the district court committed plain error by participating in the plea negotiations. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the conviction. We decline to exercise jurisdiction to review Torres's sentencing claims and we dismiss them.

### A. Facts

Torres was arrested on February 5, 1992, less than a mile north of the Mexico–United States border with 117 pounds of marijuana in the back of his truck. The crime of importation, to which he pleaded guilty, exposed him to a maximum of 20 years imprisonment and a $1 million fine.

The government's initial investigation showed that Torres had a clean record. In fact, he had sustained four prior convictions under different aliases for illegal entry and related offenses.

Torres entered into a plea agreement under which the government promised to recommend a downward adjustment for acceptance of responsibility and a sentence at the low end of the applicable guideline range. The parties also agreed that Torres would argue for a downward departure pursuant to *Valdez–Gonzalez*, which the government would oppose only as a matter of policy.[1] The written agreement stipulated "there is no agreement as to defendant's criminal history category," and "[t]he defendant is aware that any estimate of the probable sentencing range that he may have received from his counsel or the government is a prediction, not a promise, and is *not binding* on the court." Torres, finally, "expressly waive[d] the right to appeal his sentence ... if [he was] sentenced pursuant to the Government's recommendation or to less time in custody."

In accordance with the criminal case settlement procedures of the Southern District of California, the parties discussed the terms of the proposed plea agreement with District Judge Earl Gilliam. Judge Gilliam approved of the agreement, and the parties conveyed Judge Gilliam's approval to District Judge John Rhoades, the sentencing judge. Both Judge Gilliam and Judge Rhoades were told that Torres had no criminal history. At the conclusion of the parties' meeting with Judge Rhoades, he said, "As you know, under Rule 11 I can't agree that I am going to follow what you say but it doesn't shock me." A week later, Torres pleaded guilty.

By the time Torres was sentenced, the probation office had discovered his criminal record, which changed his criminal history category from I to III. At sentencing, the government recommended and the court granted a two-level downward adjustment for acceptance of responsibility, but the court ruled as a matter of law that a *Valdez* depar-

---

1. In *Valdez–Gonzalez*, we agreed with the district court that the role in the drug trade played by "mules" may constitute a mitigating circum-stance of a kind or to a degree not taken into account by the Sentencing Commission in formulating the Guidelines.

ture was inappropriate in light of Torres's criminal history. The court sentenced Torres according to the government's recommendation to the lowest possible term of imprisonment within the appropriate Guidelines range.

B. Waiver

■ Although a defendant's waiver of his right to appeal is generally enforceable, *United States v. Navarro–Botello*, 912 F.2d 318, 321–22 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992), we have considered a defendant's claims that he was sentenced in violation of a negotiated plea agreement. *United States v. Serrano*, 938 F.2d 1058, 1060 (9th Cir.1991). To determine whether a plea agreement was violated we look to "what the parties ... reasonably understood to be the term of the agreement." *United States v. Sutton*, 794 F.2d 1415, 1423 (9th Cir.1986) (citations omitted).

Torres argues that the district court's "refusal to consider" a *Valdez* departure frustrated "the premise upon which [his appeal] waiver was predicated," thus rendering the waiver void. We disagree. Torres got everything he bargained for. The government and the defense, the only parties bound by the plea agreement, performed as promised. Torres's attorney requested a downward departure under *Valdez* and the government did not strenuously oppose the motion. The district court considered the motion at some length before denying it.[2]

If Torres acceded to the plea agreement because he expected to get a *Valdez* departure, his expectation was wholly unreasonable. Torres was reminded at every turn that the district court was not bound by the agreement, and he affirmed under oath that he understood this. Because no one breached the agreement, we uphold Torres's waiver of his right to appeal. Accordingly, we decline to address Torres's other sentencing arguments.

C. Rule 11 Violation

■ Whether a district court judge improperly participated in plea negotiations is a legal question which we review de novo. *United States v. Bruce*, 976 F.2d 552, 555 (9th Cir.1992). The government and the defendant may "engage in discussions with a view toward reaching [a plea] agreement ... [but] the court shall not participate in any such discussion." Fed.R.Crim.P. 11(e)(1). Torres argues that, by remarking, "as you know under Rule 11 I can't agree that I am going to follow what you say but it doesn't shock me," Judge Rhoades violated Rule 11. Torres claims that but for Judge Rhoades's illegally offering his "seal of approval" to the agreement, he "would not have proceeded with the guilty plea," and that therefore, he should be allowed to withdraw his plea. We disagree.

■ Judge Rhoades did not participate in plea bargaining. The parties had already hammered out their agreement with the assistance of Judge Gilliam. Its presentation to Judge Rhoades was simply the next step, according to procedures in the Southern District, before the change of plea hearing. Moreover, Judge Rhoades's comment was not a "seal of approval" on the agreement. Far from violating Rule 11, his comment reflects his awareness of and care to observe its prohibitions. We discern no impropriety. Thus, we decline to allow Torres to withdraw his plea.

AFFIRMED in part and DISMISSED in part.

---

2. The district court said at the sentencing hearing, "I have reread the *Valdez* case. I'll concede that in most respects he may fit what is now called the profile for the *Valdez* case. He's poor. He lives in Mexico. He's got a job that doesn't pay much money. He's got a child that's sick, and he's got a family. But there is one big difference. In *Valdez*, ... and I reread it yesterday, Mr. Valdez had no criminal history. That's at page ... 645. Valdez had no prior criminal record in either Mexico or the United States. And that's not the case here. So I would not be inclined to follow *Valdez*."