15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus PINA-REGALADO, Defendant-Appellant.
 No. 93-50009.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Pina-Regalado appeals his 21-month sentence imposed following his guilty plea to importation of marijuana in violation of 21 U.S.C. Sec. 952. Despite a negotiated plea agreement which expressly waived his right to appeal all sentencing issues, Pina-Regalado argues that the government breached the plea agreement by opposing downward adjustments for acceptance of responsibility and being a minimal participant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 "Although a defendant's waiver of his right to appeal is generally enforceable, we have considered a defendant's claims that he was sentenced in violation of a negotiated plea agreement." United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993) (per curiam) (citation omitted). "To determine whether a sentence complies with the terms of a plea agreement, we look to what was reasonably understood by the defendant when he entered his plea." United States v. Fernandez, 960 F.2d 771, 772 (9th Cir.1991) (per curiam); accord United States v. Gerace, 997 F.2d 1293, 1294 (9th Cir.1993).
 
 
 4
 Here, pursuant to a written plea agreement, Pina-Regalado agreed to plead guilty to the current offense. In exchange, the government agreed, among other things, to the following provisions:
 
 
 5
 (c) The Government will not oppose a reduction for acceptance of responsibility of up to three levels, if so found by either the U.S. Probation Office or the Court.
 
 
 6
 (d) The defendant will argue for a 4-level reduction for his minimal role in the offense. Should the defense counsel lay a factual basis for such a role adjustment, the Government will not oppose such application.
 
 
 7
 At sentencing, defense counsel argued for a three-level reduction for acceptance of responsibility and four-level reduction for minimal role. In response, the government stated "[y]our Honor, the plea agreement actually states that we would not oppose a reduction of three levels if found by [the] probation [officer] or the court. Probation has found two levels." Regarding the minimal role reduction, the prosecutor stated:
 
 
 8
 [t]he plea agreement specifically states that should the court find the facts warrants [sic] such role reduction, the government will not oppose it. So the government will defer to the court to determine whether or not a four-level--whether or not ... [defense counsel] has laid a factual basis for a four-level reduction.
 
 
 9
 The district court only granted a two-level reduction for acceptance of responsibility and two-level reduction for minor role. In response to Pina-Regalado's claim that the government breached the agreement, the court stated "I don't find that ... [the government] failed to comply with the plea agreement."
 
 
 10
 On appeal, Pina-Regalado contends the government breached the plea agreement by (1) stating that the probation officer only recommended a two-level reduction for acceptance of responsibility and (2) failing to state that it had no objection to a four-level reduction for minimal role after defense counsel laid a factual basis. We disagree. The government's mere recitation of the relevant portions of the agreement did not constitute opposition to the requested adjustments. To the extent Pina-Regalado understood the agreement as requiring the government to affirmatively recommend the adjustments, we conclude that such an understanding was not reasonable. See, e.g., Gerace, 997 F.2d at 1294-95 (government's opposition against leniency at probation revocation hearing did not breach government's promise in plea agreement to remain silent at sentencing where the express terms of agreement did not cover future proceedings). Because the government did not breach the plea agreement, we enforce Pina-Regalado's waiver of the right to appeal his sentence. See Torres, 999 F.2d at 378.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following a limited remand by this court, the district court determined that excusable neglect existed for the ultimately notice of appeal. Accordingly, we deny the government's request to dismiss the appeal for lack of jurisdiction