26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eli SARCENO-BARRIOS, Defendant-Appellant.
 No. 93-50129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Submission Vacated Jan. 11, 1994.
Resubmitted May 20, 1994.
Decided May 24, 1994.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Given the language of the waiver and the district court's colloquy with Sarceno, the waiver is properly interpreted as barring "any right to appeal" his sentence, including any right to appeal under section 3742(a). See United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993) ("In construing [a plea] agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.") (footnotes omitted).
 
 II.
 
 3
 In attacking the waiver in this court, Sarceno asserts for the first time that the government breached or invalidated the plea agreement by: (1) making an unfulfillable promise; (2) arguing for a sentence at the high end of a guidelines range dictated by criminal history category II rather than category I; and (3) failing to recommend a downward adjustment for acceptance of responsibility. See United States v. Gonzalez, 16 F.3d 985, 989-90 (9th Cir.1993) (breaches of plea agreement may be raised for first time on appeal to attack appeal waiver). We disagree.
 
 
 4
 1. The government's promise to "recommend a reduction of 3-level[s] for acceptance of responsibility" was not breached nor was the plea agreement invalidated when Sarceno ultimately qualified for only a 2-level reduction. Cf. United States v. Zweber, 913 F.2d 705, 711 (9th Cir.1990) (district court did not err in denying motion to withdraw guilty plea where, as part of plea agreement, government promised to recommend a reduction in offense level that was not legally available).
 
 
 5
 2. Sarceno was not guaranteed a particular criminal history category or a particular sentence. The plea agreement anticipated both the possibility of a category II criminal history and a government recommendation at the high end of the applicable guidelines range. Sarceno's disappointment in receiving criminal history category II, and in having the government recommend a particular sentence at the high end of the corresponding range, does not render the government's sentencing recommendation a breach of the plea agreement.
 
 
 6
 3. The government did not breach the plea agreement by failing to recommend a downward adjustment for acceptance of responsibility. The government agreed to make this recommendation only "if defendant accepts responsibility for the offense, and the defendant is candid and truthful." Because the district court found Sarceno did not accept responsibility, the condition precedent to the government's promise was not met.
 
 III.
 
 7
 Although Sarceno waived the right to appeal his sentence, he did not waive the right to appeal his conviction. See, e.g., United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993) (upholding waiver of appeal of sentence but reviewing validity of guilty plea). Sarceno contends his guilty plea was involuntary because he pled guilty on the basis of the government's promise to "recommend a reduction of 3-level[s] for acceptance of responsibility," a promise which the government ultimately could not have kept. As indicated above, this kind of mistake does not invalidate the plea. See Zweber, 913 F.2d at 711.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The parties are familiar with the facts and issues; we will not restate them here. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3