51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn Michael DANIELSON, Defendant-Appellant.
 No. 94-30311.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Appeal from the United States District Court for the Eastern District of Washington, D.C. No. CR-94-00034-FVS; Fred L. Van Sickle, District Judge, Presiding.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shawn Michael Danielson appeals his 57-month sentence imposed following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). Danielson contends that the district court sentenced him based upon unreliable hearsay and miscalculated his criminal history. We have jurisdiction under 28 U.S.C. Sec. 1291 and dismiss.
 
 
 3
 A defendant may waive the right to appeal in a plea agreement. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Danielson agreed in his plea agreement "to waive his right to appeal a sentence within the applicable guideline range." The parties further agreed that their calculations of Danielson's criminal history score and their other sentencing recommendations were not binding on the district court. The district court determined that the applicable Guidelines range was 57 to 71 months and sentenced Danielson to 57 months.
 
 
 5
 Danielson does not suggest that his waiver was involuntary or unintelligent, see United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995), or that the government breached the plea agreement, see United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993). Because the district court sentenced Danielson within the applicable Guidelines range, in accordance with the plea agreement, we enforce Danielson's waiver of the right to appeal. See Bolinger, 940 F.2d at 480; cf. United States v. Haggard, 41 F.3d 1320, 1324-25 (9th Cir.1994) (finding that defendant waived right to appeal sentence imposed " 'within the sentencing Guidelines range which the district judge determines to be applicable' ").
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3