50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Hoover HOLMES, Defendant-Appellant.
 No. 94-50418.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Appeal from the United States District Court for the Central District of California, No. CR-93-00243-JSL.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herbert Hoover Holmes appeals his sentence following guilty pleas to wire fraud, in violation of 18 U.S.C. Sec. 1343; mail fraud, in violation of 18 U.S.C. Sec. 1341; bankruptcy fraud, in violation of 18 U.S.C. Sec. 152; making false statements, in violation of 18 U.S.C. Sec. 1001; and being a felon in possession of a gun, in violation of 18 U.S.C. Sec. 922(g)(1). Despite a negotiated plea agreement in which he waived his right to appeal his sentence, Holmes contends that the district court erred by increasing his offense level based upon an incorrect loss amount, and denying Holmes a downward adjustment for acceptance of responsibility. We review de novo whether Holmes has waived his right to appeal, United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994), and dismiss this appeal.
 
 
 3
 In his plea agreement, Holmes waived his right to appeal "any sentence imposed by the Court and the manner in which the sentence is determined," unless his sentence was more than the statutory maximum or the district court departed from the applicable Guideline range. Although Holmes and the government calculated the anticipated offense level, the parties agreed that the court was not bound by the calculations. The government agreed to recommend a reduction for acceptance of responsibility. Finally, the parties agreed that if Holmes failed to provide complete, truthful, and accurate information at any time, the government was not required to make any sentencing recommendations.
 
 
 4
 The probation officer who prepared the presentence report recommended that Holmes receive no reduction for accepting responsibility because he sought to minimize his role in the offense, denied that he was involved in a scheme to defraud, and denied intending to underreport his assets in order to obtain a favorable bankruptcy ruling. At sentencing, the district court found that Holmes breached the plea agreement, and also found that he lied during his testimony at sentencing. The district court imposed a 63-month sentence.
 
 
 5
 A waiver of the right to appeal is valid if knowingly and voluntarily made. United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995). So long as the sentence was imposed in accordance with the plea agreement, no exception exists to the waiver. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); see United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993).
 
 
 6
 Holmes does not contend that his waiver was unknowing or involuntary. He contends instead that the district court treated the plea agreement as "null and void," and therefore he was released from his waiver of the right to appeal. We review for clear error a district court's construction of a plea agreement. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 7
 Contrary to Holmes's contention, the district court bound Holmes to the terms of the plea agreement, despite his breach. The agreement did not release either party from all of their obligations in the event that Holmes breached the agreement by failing to provide truthful information, but merely allowed the government to make no sentencing recommendations. In fact, the government fulfilled its other obligations under the agreement by dismissing the charges to which Holmes did not plead guilty. We find no clear error in the court's finding that Holmes breached the agreement, but was bound by its other terms. See id. Because Holmes's breach did not invalidate the plea agreement, his waiver of appellate rights is valid. See DeSantiago-Martinez, 38 F.3d at 395.
 
 
 8
 Finally, Holmes claims that his waiver of appellate rights is invalid because he was not sentenced in accordance with the plea agreement. He fails to specify exactly how his sentence does not comport with the agreement. We hold that it does. Because the district court did not depart upward from the applicable Guideline range and did not sentence Holmes to a term greater than the statutory maximum, the district court sentenced him as contemplated in the plea agreement. Holmes does not claim that the government breached the plea agreement, nor did he raise this issue in the district court. See United States v. Robertson, 40 F.3d 1046, 1049 (9th Cir.1994) (appellant may not argue for first time on appeal that government breached plea agreement containing waiver of right to appeal). In any case, the government was released from its obligations to make any sentencing recommendations because of Holmes's breach. See United States v. Roberts, 5 F.3d 365, 370 (9th Cir.1993). We enforce Holmes's waiver of appellate rights. See Bolinger, 940 F.2d at 480.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3