52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick GARCIA-CRUZ, Defendant-Appellant.
 No. 94-50432.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-93-01104-MLH; Marilyn L. Huff, District Judge, Presiding.
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Garcia-Cruz appeals the sentence of 60 months imposed following his plea of guilty to assault with a deadly weapon. Garcia-Cruz claims, alternatively, that the district court's refusal to consider imposing a sentence concurrent to the one he was serving, or the government's unexpectedly seeking an adjustment for his restraint of a victim pursuant to U.S.S.G. Sec. 2B3.1(b)(4)(B), rendered void his waiver of the right to appeal his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we uphold the waiver.
 
 
 3
 Although a defendant's waiver of his right to appeal is generally enforceable, United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992), we have considered a defendant's claims that he was sentenced in violation of a negotiated plea agreement. United States v. Serrano, 938 F.2d 1058, 1060 (9th Cir.1991). To determine whether a plea agreement was violated we look to "what the parties ... reasonably understood to be the terms of the agreement." United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986) (citations omitted).
 
 
 4
 Garcia-Cruz's plea agreement, in his own words, left him "free to recommend any appropriate sentence and seek to have the sentence run concurrently with his existing sentence." It "did not obligate the government ... to make any specific sentencing recommendations."
 
 
 5
 The record shows that all parties bound by the plea agreement performed as promised. Accordingly, we uphold Garcia-Cruz's waiver of his right to appeal, and we decline to address his sentencing arguments. See United States v. Torres, 999 F.2d 376, 378.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Garcia-Cruz's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3