59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus LOYA, Defendant-Appellant.
 No. 94-50539.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Loya appeals his 24-month sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. Secs. 952 and 960. Loya contends the district court erred by denying him a downward adjustment for his minor role in the offense, and the government's breach of his plea agreement invalidates his waiver of his right to appeal. We dismiss the appeal.
 
 
 3
 If a defendant is sentenced in violation of a plea agreement, we will not enforce a waiver of the right to appeal. United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993) (per curiam). In determining whether the agreement was breached, we look to what the parties reasonably understood to be the terms of the agreement at the time the defendant entered his plea. Id.; United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993).
 
 
 4
 Loya's plea agreement included the following waiver:
 
 
 5
 The defendant is aware that he has a right to direct appeal under 18 U.S.C. Sec. 3742(a). The defendant expressly waives his right to appeal based on such statute and any other grounds as long as the court does not impose a period of imprisonment greater than that recommended by the Government.
 
 
 6
 The agreement also stated: "The Government reserves the right to express its opposition to the defendant's request for a two-point reduction for his minor role, a reduction which the settlement conference judge recommended."
 
 
 7
 At the sentencing hearing, defense counsel stated that Assistant United States Attorney (AUSA) Joyce Fitzpatrick had said she would recommend the minor role adjustment, and had sent the district court a letter to that effect. AUSA Carol Lam appeared at the sentencing hearing in Fitzpatrick's place and stated that even though she thought the adjustment was not appropriate, she would "stand by" Fitzpatrick's recommendation.
 
 
 8
 At a post-sentencing hearing regarding extension of the time for appeal, Fitzpatrick stated that had she appeared at the sentencing hearing, she would have recommended that the district court follow the sentencing conference judge's recommendation, and grant the minor role adjustment. The district court found that Loya "was relying on the fact that the Government was going to come in here and have no objection to the two-level downward adjustment for role;" therefore, Loya had the right to appeal his sentence.
 
 
 9
 Loya contends that the minor role clause in his plea agreement was ambiguous because he understood it to mean "that the government might express an opinion at the time of sentencing, but would not oppose his minor role, and would recommend the sentencing judge to follow the settlement judge's recommendation." We disagree; the plea agreement unambiguously states that the government could oppose the minor role adjustment. Fitzpatrick's subsequent representations are irrelevant; at the time Loya entered his plea, the parties could only reasonably have understood the agreement to permit the government to oppose the downward adjustment. See Torres, 999 F.2d at 378; De la Fuente, 8 F.3d at 1337. Loya's waiver is enforceable because Lam did not breach the agreement.
 
 
 10
 Accordingly, we DISMISS the appeal.
 
 
 
 *
 Because the panel unanimously finds this case suitable for decision on the briefs and record, we deny Loya's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3