59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro ROSAS-DIAZ, Defendant-Appellant.
 No. 94-50511.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-94-00106-1-WBE; William B. Enright, District Judge, Presiding.
 S.D.Cal.
 DISMISSED
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Rosas-Diaz appeals his 210-month sentence imposed following a guilty plea to aiding and abetting possession of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), 18 U.S.C. Sec. 2. Rosas-Diaz contends that his attorney was incompetent by failing to argue at sentencing for a downward departure based upon aberrant behavior. We have jurisdiction under 28 U.S.C. Sec. 1291 and dismiss the appeal.
 
 
 3
 A defendant may waive the right to appeal in a plea agreement. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Rosas-Diaz agreed in his plea agreement that, if the Government complies with the plea agreement and he receives "a sentence within the range of the Government's recommendation, he will waive appeal of his sentence and pretrial motions." The parties further contemplated that the applicable adjusted offense level would be 35, resulting in a Guideline range of 168 to 210 months. The district court determined that the applicable Guidelines range was 168 to 210 months and sentenced Rosas-Diaz to 210 months.[1]
 
 
 5
 Rosas-Diaz does not claim that his waiver was involuntary or unintelligent, see United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995), or that the government breached the plea agreement, see United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993). Because the district court sentenced Rosas-Diaz within the applicable Guidelines range, in accordance with the plea agreement, we enforce the appellate waiver. See Bolinger, 940 F.2d at 480.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court apparently misspoke at sentencing by stating that the adjusted offense level was 41