57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance Tyrell THOMAS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Darren HAYMOND, Defendant-Appellant.
 Nos. 94-50145, 94-50337.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1995.*
Decided June 13, 1995.
 
 IN PART, VACATED AND REMANDED IN PART.
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these companion cases, Terrance Tyrell Thomas and Tony Darren Haymond appeal their sentences of 322 months and 300 months, respectively, imposed following their guilty pleas, for conspiracy to commit armed bank robbery, armed bank robbery, and carrying a firearm during a crime of violence in violation of 18 U.S.C. Secs. 371, 2113(a), (d), and 924(c)(1). Thomas also appeals his conviction. Appellants raise numerous arguments on appeal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Facts
 
 
 4
 We need not restate the facts in great detail: Appellants robbed a branch of Bank of America. After entering the bank, Thomas fired two shots into the ceiling and yelled, "Get down!" Haymond then jumped over the teller counter and took money from a teller's cash drawer. Appellants then fled the bank, and encountered two police officers who ordered Haymond to drop his gun. Haymond responded by firing one shot at the officers. Following an exchange of gunfire, officers apprehended the Appellants.
 
 II
 Voluntariness of Guilty Plea
 
 5
 Thomas argues that his guilty plea was involuntary because the district court denied his request for substitution of counsel and for a continuance on the first day of trial, thereby forcing him to accept a verbal plea agreement negotiated over the lunch hour before the scheduled afternoon commencement of the trial. Thomas further argues that the district court improperly participated in the plea negotiations by commenting on a possible motion for a sentence reduction in violation of Fed.R.Crim.P. 11. We reject both arguments.
 
 
 6
 Where, as here, the defendant did not challenge the voluntariness of his guilty plea before the district court, we review only for plain error. See United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). We review de novo whether the district court improperly participated in plea negotiations. United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993).
 
 
 7
 Here, on the eve of the trial, Thomas informed the district court that he wished to substitute his appointed counsel with a private attorney retained by his fiancee. The district court held a hearing on the morning of trial, specifically questioned Thomas regarding his reasons for requesting new counsel, and denied the request on the following grounds: (1) substitution of counsel would have required the court to grant a continuance of the trial; (2) Thomas' complaints regarding appointed counsel's lack of communication with him before trial was without merit; and (3) Thomas failed to show an irreconcilable conflict with appointed counsel which prevented the preparation of an adequate defense. Subsequently, the following colloquy ensued:
 
 
 8
 APPOINTED COUNSEL: I don't know if you want to hear this, but there was also last night for the first time, ... [the prosecutor] talked to me about the possibility of the [U.S.S.G.] 5K1 reduction based upon some information they wanted from my client. I didn't have that before last night.
 
 
 9
 THE COURT: I don't want to get into that. I can time tell you that with some constantcy the prosecutors and the defense attorneys engage in all kinds of discussion. That is not unusual. You just look at Rule 35(b), Mr. Cron [appointed counsel], if you want to be involved with that.
 
 
 10
 APPOINTED COUNSEL: I'm sorry. I didn't hear that.
 
 
 11
 THE COURT: Rule 35(b), addresses that subject. That basically says within one year, if the government makes a motion, I can reconsider the sentence. So that is the issue that you are talking about.
 
 
 12
 ....
 
 
 13
 What you are saying--basically ... is that you [both defense counsel] want more time for negotiations because ... [Mr. Thomas] faces a serious sentence. That is not the stuff of a substitution of attorney at this point in time.
 
 
 14
 If you want to negotiate, that is up to the defendants. If you are fully cognizant of all the rules associated with this, take a look at [Rule] 35(b). All right.
 
 
 15
 RETAINED COUNSEL: I am aware of that rule, your Honor.
 
 
 16
 THE COURT: Okay. That is up to you.
 
 
 17
 (Thomas' Excerpt of Record at 86(a)-89.)
 
 
 18
 Following a lunch recess, defense counsel informed the court that Thomas wished to enter a guilty plea. The prosecutor informed the court that a verbal plea agreement had been reached: Thomas would plead guilty to all three counts of the indictment, and the Government would recommend a three-level reduction for acceptance of responsibility and a sentence at the low end of the applicable Guidelines range. The district court then engaged Thomas in a lengthy colloquy. The plea discussion covered his competency, provisions of the plea agreement, the offense, the maximum possible penalty, his constitutional rights, and a factual basis for the offense. Thomas answered that he understood the plea agreement and the waiver of his constitutional rights.
 
 
 19
 We have repeatedly held that the court has broad discretion to deny a substitution motion made on the eve of trial, especially a motion which would require granting a continuance. See United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992) (citing cases), cert. denied, 113 S.Ct. 1350 (1993). The court adequately inquired into and addressed the concerns raised by Thomas regarding his appointed counsel's representation. See id.; see also United States v. Fagan, 996 F.2d 1009, 1014-15 (9th Cir.1993) (substitution motion made on eve of trial properly denied where continuance would have been required, court's questioning of defendant and his counsel provided adequate basis for decision, and no total breakdown of communication prevented counsel from representing defendant at trial); cf. United States v. Lillie, 989 F.2d 1054, 1056 (9th Cir.1993) (court abused its discretion by denying defendant's motion to change retained counsel solely on basis that motion was made on eve of trial where court failed to inquire, among other things, whether newly retained counsel had been prepared for trial and made no finding on the likelihood of delay).
 
 
 20
 Further, we conclude that the district court did not improperly participate in the plea negotiations. On the contrary, the court's comments evidence a keen awareness not to violate the prohibitions of Rule 11. The court simply informed defense counsel that the pursuit of a possible Rule 35 motion did not provide an adequate basis for granting a substitution motion, and that the court would not be involved in the discussion of such a motion. There is no impropriety. See Torres, 999 F.2d at 378.
 
 
 21
 Given the record before us, we conclude that the district court did not place unreasonable constraints on Thomas' decisionmaking process; therefore, his guilty plea was voluntarily made. Cf. Anderson, 993 F.2d at 1438-39.
 
 III
 Breach of Plea Agreement
 
 22
 Thomas also argues that the Government breached his plea agreement by failing to recommend a three-level reduction in his offense level for acceptance of responsibility. The Government concedes error, and we agree. We therefore vacate Thomas' sentence and remand for resentencing. See United States v. Fisch, 863 F.2d 690, 690-91 (9th Cir.1988) (per curiam) (generally we remand for resentencing when the government violates a plea agreement at sentencing). The district court is instructed to allow the Government to fulfill its obligations under the plea agreement before imposing a sentence.
 
 IV
 Acceptance of Responsibility
 
 23
 Haymond argues that the district court erred by denying him a three-level reduction in his offense level for acceptance of responsibility because the court conditioned the refusal upon Haymond's denial of shooting at police officers outside the bank. Alternatively, Haymond argues that conditioning his acceptance of responsibility upon the uncharged offense--assault with a deadly weapon on a peace officer--violated his Fifth Amendment right against self-incrimination. We reject both arguments.
 
 
 24
 We review for clear error a district court's factual finding that a defendant has not accepted responsibility for his criminal conduct. United States v. Rutledge, 28 F.3d 998, 1000 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995).
 
 
 25
 Here, although Haymond pled guilty to the underlying offenses, he told the probation officer that he did not fire at the police officers outside the bank; he claimed that Thomas fired at the officers. For this reason, the probation officer recommended that Haymond not receive a reduction for acceptance of responsibility. At sentencing, the district court heard testimony from one of the officers who stated, "I looked Mr. Haymond in the eye when he was pointing the gun at me, and I remember wondering where the bullet was going to hit because I didn't have a vest on. I looked at him straight in the face, and I have no doubt that that's the man that pointed the gun at me." The court found that the officer's testimony was credible, and that Haymond's statements to the probation officer were not credible.
 
 
 26
 Haymond's Fifth Amendment argument is unavailing. He was not required to confess to uncharged, relevant conduct beyond the offenses of conviction to qualify for the reduction. Haymond had a right to remain silent about any uncharged, relevant conduct. Haymond, however, forfeited his Fifth Amendment right against self-incrimination by choosing to speak with the probation officer. See id. at 1003. Upon relinquishing his right, Haymond was required to be truthful regarding any relevant, uncharged conduct. See id.
 
 
 27
 We conclude that the court's denial of a reduction based upon a credibility determination was not clearly erroneous. See id. (we rarely overturn the district court's factual findings based upon the credibility of witnesses). Because Haymond's denial of relevant conduct which the court determined to be true was inconsistent with acceptance of responsibility, the court did not err by denying Haymond the reduction. See id.
 
 V
 Recusal
 
 28
 Haymond argues that the district judge erred by failing to recuse himself because he owned stock in Bank of America. We reject this argument.
 
 
 29
 We review for abuse of discretion a district judge's decision not to recuse himself. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).
 
 
 30
 Here, Judge Keller indicated that he acquired an interest in Bank of America in 1992--two years prior to the hearing on the recusal motion--and paid $20,000 for it. At the time of the hearing, the investment was worth $20,405, and Judge Keller received yearly income of approximately $1,625. Judge Keller further noted that he did not make the investment: the investment was part of a defined benefit plan managed by a third party. Judge Keller never gave input regarding the investment. In denying the recusal motion, Judge Keller stated:
 
 
 31
 Given the size of the Bank of America, and given my--"minuscule" would be a generous characterization--ownership interest, I mean there isn't anybody in their right mind in my view who can say that objectively there is a question of my ability to be fair.
 
 
 32
 I further note for your consideration that the bank is not a party to this litigation....
 
 
 33
 ....
 
 
 34
 I'll tell you, unfortunately there are a lot of bank robberies in this community, and Bank of America has the biggest presence in the community by far. To have me recuse myself from bank robberies committed at the Bank of America I don't think is prudent. I think it would be imprudent....
 
 
 35
 ... I don't have any--I stress that word--any feeling of bias or prejudice as a consequence of his having sought to violate the sanctum of Bank of America.
 
 
 36
 As a matter of fact, it's interesting, I don't even have an account at the Bank of America....
 
 
 37
 (Haymond's Excerpt of Record at 95-97.) The recusal motion was referred to Judge Hatter, who also denied it.
 
 
 38
 Based upon these facts, we conclude that it is not reasonable to suspect that Judge Keller's ability to preside impartially would be affected by the fact that he owned a slight interest in Bank of America. See 28 U.S.C. Sec. 455(a); see also Studley, 783 F.2d at 939. The district court did not abuse its discretion by denying Haymond's motion for recusal.
 
 VI
 Conclusion
 
 39
 We affirm Haymond's sentence and Thomas' conviction. We vacate Thomas' sentence and remand for further proceedings consistent with this memorandum disposition.
 
 
 40
 AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We also deny Appellee's motion to expand the record
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3