50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rudy DELGADILLO, Defendant-Appellant.
 No. 93-50502.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Resubmitted March 2, 1995.
Decided March 6, 1995.
 
 Before: FLETCHER, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Rudy Delgadillo seeks specific enforcement of his plea agreement. We deny the remedy he seeks, but allow him to withdraw his plea.
 
 BACKGROUND
 
 3
 Delgadillo was charged in a two-count indictment with (1) importation of marijuana; and (2) possession with the intent to distribute marijuana. After Delgadillo had entered a plea of not guilty, his attorney and the Assistant U.S. Attorney attended a pre-motions criminal settlement conference required by General Order 390, in force in the Southern District of California. Judge Earl B. Gilliam presided.
 
 
 4
 Although no settlement was reached at the conference, later the government and the defendant entered into a plea agreement that apparently embodied the recommendations made in the conference or resulted from the discussions in conference. The plea agreement provided (1) that Delgadillo would plead guilty to Count 2 of the indictment, possession with intent to distribute marijuana; (2) that the government would dismiss Count 1 of the indictment; (3) that the government would recommend a three-level downward adjustment based on acceptance of responsibility; (4) that the government would recommend a two-level downward departure based on Delgadillo's minor role; and (5) that the government would recommend a downward departure to a sentence of 24 months (in effect reducing criminal history category VI to category III) on the ground that Delgadillo's criminal history category overrepresented the seriousness of his prior conduct.
 
 
 5
 Delgadillo then withdrew his plea of not guilty, and pled guilty to Count 2. At the change of plea hearing, the trial judge, Judge Gonzalez, engaged in the following colloquy with Delgadillo:
 
 
 6
 Q And do you understand, Mr. Delgadillo, that there are no guarantees as to what sentence you will receive? Has anyone promised you what sentence you will receive?
 
 
 7
 A No.
 
 
 8
 Q Do you understand that I can't tell you right now what sentence you will receive, do you understand that?
 
 
 9
 A Yes.
 
 
 10
 * * *
 
 
 11
 Q And have any promises been made to you by your lawyer or anyone else as to what sentence you will receive?
 
 
 12
 A No.
 
 
 13
 ER at 16-17.
 
 
 14
 At the sentencing hearing, which occurred at a later date, Judge Gonzales granted the downward adjustment for acceptance of responsibility but declined to depart downward for minor role. She departed downward on account of the overrepresentation of Delgadillo's criminal history, but only to category V rather than to category III. The resulting sentence was 46 months, nearly twice as long as the 24-month sentence which would have been imposed if the court had followed all of the recommendations set forth in the plea agreement.
 
 
 15
 On appeal, Delgadillo contends that the district court abused its discretion by rejecting the recommendations made in the plea agreement: he argues that since the court was a de facto participant in the agreement, the court was bound by its terms. Delgadillo asserts that the District Court for the Southern District of California follows an "unspoken rule that recommendations made part of a plea agreement after discussions with the Settlement Judge will be accepted at sentencing." Br. of Appellant at 13 n. 2. In the alternative, Delgadillo argues that the court's participation in the plea negotiations was improper under Fed.R.Crim.P. 11(e)(1). The proper remedy for this violation, Delgadillo argues, is, once again, enforcement of his plea agreement.
 
 
 16
 Our review of the transcript of the plea hearing and our questioning of counsel at argument confirms that the plea hearing was fatally flawed for reasons not initially argued by the parties. The district court failed to advise Delgadillo that he had no right to withdraw his guilty plea if the district court decided to reject the government's sentencing recommendation as required by Federal Rule of Criminal Procedure 11(e)(2). In United States v. Graibe, 946 F.2d 1428 (9th Cir.1991), we reversed because the district court failed to give such advice and allowed the defendant to withdraw his plea, stating that we look "solely to the record of the plea proceeding to determine what [the defendant] did or did not know, and the error cannot be harmless unless the record affirmatively shows that [the defendant] possessed the requisite knowledge." Id. at 1435. In the case before us, the district court did not give the warning and the record is bereft of any showing of knowledge. Accordingly, Delgadillo must be given the opportunity to withdraw his plea.
 
 
 17
 Delgadillo also argues, on the merits, that he was entitled to a minor role departure and a further downward departure based on the overrepresentation of his criminal history.
 
 
 18
 * Because we conclude that Delgadillo must be given the opportunity to withdraw his plea in light of the violation of Rule 11(e)(2), and because we conclude that no other remedy is available to him, were we to find G.O. 390 invalid, we decline to reach the issues he raises in respect to G.O. 390.
 
 
 19
 Delgadillo has coupled his challenge to the legality of the Southern District's program with an unusual request for relief. He does not ask to withdraw the guilty plea which was a product of that program. Rather, he asks us to hold that the sentencing judge is bound to adopt the recommendations the government promised to make.
 
 
 20
 Were we to address G.O. 390 and to invalidate the program, nonetheless, we would decline to grant such relief. Delgadillo can't have it both ways: he would have had us both find G.O. 390 invalid and at the same time give him the benefits of a plea agreement that resulted from its application. Like other courts which have reversed convictions on the basis of Rule 11 violations, the remedy would be to allow Delgadillo an opportunity to withdraw his plea, not to enforce the plea agreement.
 
 II
 
 21
 Delgadillo also challenges on the merits the district court's failure to follow the recommendations set forth in the plea agreement. Since Delgadillo may choose not to withdraw his guilty plea, these challenges must be resolved now.
 
 
 22
 Delgadillo first challenges the district court's failure to grant a downward departure on the basis of his minor role in the offense. We will not review a district court's discretionary refusal to depart downward, United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993), but we will review de novo a district court's determination that it lacks discretion to depart. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 23
 The record reveals some confusion on the part of both the parties and the district court as to the authority for reducing a sentence on the basis of a defendant's minor role when the defendant is convicted only of a single-participant offense. The confusion is perpetuated by the appellate briefs. Delgadillo relies exclusively on United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992), a case which does, indeed, hold that a downward departure is available for a defendant convicted of a single-participant crime. Both parties, however, have overlooked the fact that Valdez is no longer good law. Pursuant to a 1990 amendment, the Sentencing Guidelines now provide that downward adjustments for minor role are to be based on all relevant conduct, rather than simply on the offense conduct. U.S.S.G. Ch. 3, Pt. B, intro. comment; U.S.S.G. App. C, amendment 345. Accordingly, a minor role adjustment may be available even where the defendant was the sole participant in the crime of conviction. United States v. Webster, 996 F.2d 209, 211-12 (9th Cir.1993); United States v. Demers, 13 F.3d 1381, 1383 (9th Cir.1994). Because an adjustment for minor role is specifically authorized by the Guidelines, a downward departure on that ground is available only if the sentencing court "determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. Sec. 5K2.0.
 
 
 24
 Whether or not the district court understood that a downward adjustment was available is unclear. At one point, defense counsel cited to a page in the Guidelines Manual pertaining to downward adjustments, and mentioned that other judges in the courthouse had granted adjustments under similar circumstances. ER at 25. Judge Gonzales responded "Well, I haven't." Id. This suggests that Judge Gonzales thought the parties were talking only about departures.
 
 
 25
 However, later Judge Gonzales stated "The Court declines to adjust further for a minor role, either an adjustment for minor role or a departure for a minor role. The Court feels that this is not an appropriate case for that." ER at 30. The latter statement suggests that Judge Gonzales may have understood that an adjustment was available, but concluded that the facts did not support one in this case.
 
 
 26
 In light of the possible confusion as to the applicable guideline, and the court's failure to make those factual findings necessary to determine whether or not a minor role adjustment is warranted where a defendant is charged with a sole participant offense, we remand for further consideration. See Webster, 996 F.2d at 212 (requiring findings regarding the defendant's "role and culpability in the larger context of his offense").
 
 
 27
 The district court also declined to depart downward to category III on the basis of the overrepresentativeness of Delgadillo's criminal history. Instead, the court departed to category V. The district court's failure to depart farther is unreviewable. United States v. Dickey, 924 F.2d 836, 838 (9th Cir.) (defendant not permitted to challenge on appeal the degree of the district court's downward departure), cert. denied, 112 S.Ct. 383 (1991).
 
 
 28
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3