**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Giovanni Fontes SCOLARI,**
**Defendant–Appellant.**

No. 94–50223.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 19, 1995.

Decided Dec. 18, 1995.

---

William V. Gallo, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Robert L. Swain, Swain & Vance, San Diego, California, for defendant-appellant.

Before: HUG and LEAVY, Circuit Judges, and JONES,\* District Judge.

HUG, Circuit Judge:

On November 29, 1993, Giovanni Fontes Scolari pleaded guilty to conspiracy to possess cocaine with intent to distribute. The plea agreement was developed with the assistance of a settlement judge pursuant to General Order 400 of the District Court for the Southern District of California. The agreement provided that if the sentence imposed was within the range recommended by the settlement judge, the defendant waived the right to appeal his sentence. Under the agreement, the Government was free to argue for a longer sentence, and the defendant

by designation.

was free to argue for a shorter sentence. The sentencing range recommended by the settlement judge was 151 months to 188 months' imprisonment. The sentence imposed was 188 months' imprisonment, which is within the range recommended. We hold, therefore, that the defendant waived the right to appeal the sentence, and we affirm the judgment of the district court.

## I.

Scolari entered a plea of guilty on one count of conspiracy to possess, with the intent to distribute, 200 kilograms of cocaine. The plea agreement also set forth the agreed facts supporting that plea. The Government agreed to recommend a three-level reduction in the base offense level and to recommend a sentence not exceeding 210 months. It was also agreed that the defendant could argue for further downward departures, which the Government was free to resist. The plea agreement acknowledged the defendant's prior conviction in the Central District of California for which he was then serving his sentence of 151 months, which was taken into consideration in arriving at the Government's recommended sentence.

Paragraph 5 of the plea agreement stated:

Defendant Scolari understands that the sentence to be imposed upon him in this case is within the sole discretion of the sentencing judge with the assistance of the Probation Department which will analyze all factors under the sentencing guidelines and will make an independent recommendation. In that regard, defendant Scolari understands that the sentencing judge may ignore the government's recommendation and may ignore defendant Scolari's recommendation and is free to impose a custodial sentence of up to life imprisonment and a fine of $4 million.

The Probation Department recommended a sentence of 262 months.

Paragraph 8 of the plea agreement stated:

Defendant Scolari will not attempt to vacate or set aside the plea of guilty to the one-count indictment in the instant case. In addition, if the sentence imposed by the sentencing judge is within the range recommended by the settlement conference judge, defendant Scolari waives his right to appeal his sentence. The United States of America hereby agrees to waive its appeal rights.

## II.

We review *de novo* the question of whether Scolari waived his statutory right to appeal. *United States v. Haggard,* 41 F.3d 1320, 1325 (9th Cir.1994). However, "'a waiver of a right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement.'" *Id.* (quoting *U.S. v. Navarro–Botello,* 912 F.2d 318, 321 (9th Cir.1990), *cert denied,* 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992)).

At the sentencing hearing, there was some confusion as to the manner in which the sentence was to be worded. It is clear that the intention of the court was to have the defendant serve 188 months concurrent with a 151–month sentence on the prior conviction. The court initially stated "your sentence is 188 months." Then some discussion arose as to whether the sentence should be stated as 208 months with 20 months credit for the time served on the prior conviction or whether the sentence should simply be stated as 188 months. The court concluded "188 months is to be served concurrent with CR–92–672–WDK (the prior conviction)." The written judgment entered by the court stated:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred and eighty-eight (188) months to run concurrently with case 92–0672–WDK.

The parties agree that the range of the sentence recommended by the settlement judge was 151 to 188 months. The defendant contends, however, that the waiver of his right to appeal cannot be enforced because the actual sentence imposed was 208 months, with 20 months credit for time served on the prior charge. This is not supported by the record. Although there was some discussion to this effect, the actual sentence imposed at the hearing and in the written judgment was 188 months.

In sum, the defendant received a sentence within the range recommended by the settlement judge—151 to 188 months. The defendant and his attorney specifically agreed to

waive any appeal of the sentence if the ultimate sentence fell within the 151– to 188– month range, as it did. No one questions the voluntariness of the waiver.

We note that General Order 400 (attached as Exhibit A) provides for completely voluntary participation by defense counsel without the defendant's presence. We further note that in amici briefs previously filed in this circuit in *United States v. Delgadillo,* No. 93–50502, 1995 WL 91833 (9th Cir. March 6, 1995), criminal defense lawyers acting on behalf of the National Association of Criminal Defense Lawyers and the California Attorneys for Criminal Justice, strongly endorsed the settlement procedures set forth in General Order 400, asserting that it is a protection of the right of the defendant to voluntarily explore settlement without compromising the defendant's rights or the actions of the court.

This court previously approved the participation by a settlement judge in plea negotiations in *United States v. Torres,* 999 F.2d 376 (9th Cir.1993). In that case, we were careful to point out that the sentencing judge there, as here, did not participate in any plea bargaining. Scolari makes no contention that he was in any way coerced to enter into his plea agreement and waiver of his right to appeal. His contention is solely that the conditions of the waiver were not met.

Because Scolari agreed to waive his right to appeal the sentence if the sentence imposed was within the range recommended by the settlement judge, and because the sentence imposed was within that range, we hold that Scolari waived his right to appeal that sentence. We affirm the judgment of the district court.

**AFFIRMED.**

### EXHIBIT A

### UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

### IN THE MATTER OF POST INDICTMENT SETTLEMENT CONFERENCE RULES

### GENERAL ORDER NO. 400

1. At motion setting, the district judge to whom a case is assigned (trial judge) will ask if the parties desire a settlement conference.

2. In the event no settlement conference date is set at the motion setting, any party may request a settlement conference at any time after motion setting.

3. Either party, at its option, may take the settlement conference off calendar.

4. The defendant will not be present during settlement discussions.

5. The settlement judge will not take a guilty plea arising out of the settlement conference.

6. The settlement judge will not communicate settlement discussions to the trial judge.

7. Notwithstanding the content of the plea agreement or any comments/recommendations by the settlement judge, the defense will have the option of whether or not to bring these comments/recommendations to the attention of the trial judge. Only in the event that the defense exercises its option to have the settlement judge's comments presented to the trial judge, will the government have the option of also reporting any comment of the settlement judge to the trial judge.

8. In the event that there is disagreement among counsel as to what the settlement judge stated on a particular issue, the trial judge shall refer the matter back to the settlement judge or make an independent finding on such issue.

DATED: 2/5/93

(SIGNATURES)