122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. HYDE, Defendant-Appellant.
 No. 95-10113.
 United States Court of Appeals, Ninth Circuit.
 Aug. 28, 1997.
 
 Before: FERGUSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Elmer Hyde was indicted for mail fraud and wire fraud. See 18 U.S.C. §§ 1341, 1343, 2(b). The district court accepted his guilty plea and duly sentenced him. He now attacks the plea and his sentence. He attacks his plea on the theory that he was not warned by the district court that he could not withdraw his plea if the government's recommended sentence was not accepted. See Fed.R.Crim.P. 11(e)(1), (2). He also asserts that his offense level was not set properly and that the court erred in issuing its restitution order.[1] We affirm in part and dismiss in part.
 
 
 3
 (1) Rule 11(e)(2) Advice. We reject Hyde's argument that reversal is required because the district court did not advise him that he was bound by the plea agreement, even if the district court did not accept the government's recommended sentence. First, the plea agreement makes it clear that the sentence will be entirely up to the court. More importantly, the plea does not provide that the government will recommend any particular sentence. In fact, it suggests the contrary. Finally, and even more importantly, at most the parties agreed that Hyde's Guideline offense level was 17, and the district court did not deviate from that. That was the level at which he was sentenced. Cf. United States v. Graibe, 946 F.2d 1428, 1430-31 (9th Cir.1991) (district court dad not advise; there was a recommendation; and the district court sentenced at a higher level). Even if there were an error, it was simply minor and technical. See Fed.R.Crim.P. 11(h); United States v. Chan, 97 F.3d 1582, 1583-84 (9th Cir.1996); United States v. Alber, 56 F.3d 1106, 1109 (9th Cir.1995).
 
 
 4
 (2) Offense Level. Hyde's argument that his offense level of 17 was set too high is a wallydrag. In his plea agreement, he specifically agreed that his offense level would be at 17. He was sentenced at that level. He further agreed that if he received a sentence "within or below the guideline range of 27-33 months" he waived his right to appeal. He was sentenced to thirty months. Thus, his appeal rights were waived. We will enforce that waiver. See, e.g., United States v. Scolari, 72 F.3d 751, 752-53 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2539, 135 L.Ed.2d 1061 (1996); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1951). Thus, we dismiss as to this issue.
 
 
 5
 (3) Restitution. Hyde's attack on the level of restitution set by the district court is no less asthenic and fares no better. First, he specifically agreed that "the sentence imposed in this case should include full restitution of the losses caused by defendant in committing" the frauds involved here. He does not contest the calculation of those losses. He merely claims that he is not able to pay. But he reserved no such argument in his plea agreement; he merely specifically agreed that he would pay back the losses. He cannot now complain that the district court ordered him so to do. That simply required him to abide by his agreement.
 
 
 6
 Second, the defendant has the "burden of demonstrating" his financial resources by a preponderance of the evidence, if he wishes to avoid or reduce the restitution. See 18 U.S.C. § 3664(d) (now 18 U.S.C. § 3664(e)). Hyde refused to do that, but simply rested on his assertion that he could not pay at that time. In any event, if it turns out that he is truly unable to pay, he can, in due course, ask for relief. See United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 7
 Finally, the district court did not err when it delegated the actual timing of restitution payments to the probation officer. See United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir.1989).
 
 
 8
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hyde also appealed because the district court did not allow him to withdraw his plea. We agreed with that contention. See United States v. Hyde, 82 F.3d 319 (9th Cir.), amended, 92 F.3d 779 (1996). However, that contention was rejected by the United States Supreme Court, and our decision was reversed. United States v. Hyde, --- U.S. ----, 117 5. Ct. 1630, --- L.Ed.2d ---- (1997). Thus, we have issued a published determination affirming on that ground. United States v. Hyde, No. 95-10113, slip op. --- (9th Cir.----, 1997) We heard argument on all submitted issues on April 8, 1996, at San Francisco, California, but did not then decide the issues determined in this disposition because the withdrawal issue was dispositive