**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> ABRAHAM GARCIA MONDRAGON, *Defendant-Appellant*. | No. 12-30360 <br><br> D.C. No. 3:10-cr-05220-RBL-1 <br><br> OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
October 10, 2013—Seattle, Washington

Filed December 23, 2013

Before:  A. Wallace Tashima, Susan P. Graber,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Graber

**SUMMARY**[*]

---

**Criminal Law**

The panel affirmed the district court's denial of a defendant's motion to dismiss on double jeopardy grounds a second superseding indictment in a case in which the district court declared a mistrial after the defendant reached a (since-rescinded) plea agreement during a settlement conference that took place after the jury had been empaneled.

The panel held that the district court, which declared the mistrial after the defendant stated that he did not object, did not "goad" the defendant into consenting to the mistrial by acquiescing in the defendant's own request for the settlement conference, and that the Double Jeopardy Clause therefore does not bar retrial.

---

**COUNSEL**

Robert Gombiner, Seattle, Washington, for Defendant-Appellant.

Helen J. Brunner (argued), Assistant United States Attorney, and Jenny A. Durkan, United States Attorney, Western District of Washington, Seattle, Washington, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GRABER, Circuit Judge:

Defendant Abraham Garcia Mondragon entered into a plea agreement after the jury had been empaneled in this criminal case. The district court accepted Defendant's guilty plea, declared a mistrial, and discharged the jury. After successfully moving to rescind his guilty plea, Defendant sought to avoid trial altogether by invoking the Double Jeopardy Clause's protection of his right to have the first empaneled jury decide his case. The district court concluded that the original district judge's acquiescence in Defendant's voluntary request to enter into plea negotiations in no way "goaded" Defendant into consenting to a mistrial. Accordingly, the district court denied Defendant's motion to dismiss the superseding indictment. Reviewing de novo the legal questions raised on appeal, *United States v. Lopez-Avila*, 678 F.3d 955, 961 (9th Cir. 2012), we affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2010, the government indicted Defendant on several drug counts and a firearms count. On the first day of trial, before the jury had been selected, Defendant requested a settlement conference under Western District of Washington Local Rule 17.2. That rule allows a settlement conference with the assistance of a "settlement judge": a federal judge who is not presiding over any portion of the criminal case.

Defendant specifically requested the assistance of Judge Ricardo S. Martinez. The prosecutor agreed to participate, but Judge Martinez was not available immediately. The presiding judge, Judge Benjamin H. Settle, decided to move

forward with trial until Judge Martinez became available. The court empaneled and swore in the jury, and it gave preliminary instructions.

During an afternoon recess, the parties engaged in a settlement conference with Judge Martinez and reached a plea agreement. Defendant agreed to plead guilty, and the parties agreed to recommend a sentencing range of 12 to 17 years in prison. Judge Settle conducted a change-of-plea hearing and accepted Defendant's guilty plea. After Defendant expressly stated twice that he did not object to a mistrial, the court declared a mistrial and discharged the jury.

Three weeks later, Defendant filed a motion to withdraw his guilty plea. The district court denied the motion. The court sentenced Defendant to 144 months in prison—the low end of the applicable Guidelines range. Despite the waiver of the right to appeal in his plea agreement, Defendant appealed.

In his opening brief in that first appeal, Defendant sought to vacate the guilty plea. In lieu of an answering brief, the government filed a motion to vacate the guilty plea and remand. The motion disagreed with Defendant's legal arguments but argued that, because Defendant had breached the plea agreement by filing an appeal, the court should vacate the guilty plea. The motion concluded that, "[s]ince both parties seek the same remedy, there is essentially no reason to proceed with this appeal. Therefore, this Court should grant the motion, vacate the . . . guilty plea[] and remand the case to the district court for further proceedings as appropriate." Several months later, the parties filed a joint motion to vacate and remand. This court issued the following order:

> The parties' joint motion for summary reversal and remand, following mediation in this court, is granted in part. This appeal is remanded to the district court for further proceedings in light of the parties' current positions. All other pending motions are denied as moot.

(Paragraph break omitted.)

On remand, Judge Settle recused himself, and the case was reassigned to Judge Ronald B. Leighton. The district court rescinded the plea agreement. The government filed a second superseding indictment. Defendant filed a motion to dismiss the indictment on the ground that double jeopardy bars his retrial. The district court denied the motion to dismiss the indictment.

Defendant timely appeals. Because Defendant raises a "colorable" argument that double jeopardy bars his retrial, we have jurisdiction over this interlocutory appeal. *United States v. Alvarez-Moreno*, 657 F.3d 896, 899 (9th Cir. 2011).

## DISCUSSION

Jeopardy attached when the jury was sworn. *Bretz v. Crist*, 546 F.2d 1336, 1339–46 (9th Cir. 1976). Defendant's trial ended when, with Defendant's consent, the court declared a mistrial. The government now seeks to conduct a new trial.

The Supreme Court has developed dual doctrines for assessing whether the Double Jeopardy Clause bars retrial after the declaration of a mistrial. "Where the trial is

terminated over the objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the 'manifest necessity' standard . . . ." *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982). That is, unless there was a "manifest necessity" for a mistrial, the Double Jeopardy Clause bars retrial because of "the defendant's interests in having his case finally decided by the jury first selected." *Id.*

"But in the case of a mistrial declared at the behest of the defendant," *id.*, or, as here, with the defendant's consent, *see United States v. Dinitz*, 424 U.S. 600, 608 (1976); *Lopez-Avila*, 678 F.3d at 961–62, "the 'manifest necessity' standard has no place in the application of the Double Jeopardy Clause," *Kennedy*, 456 U.S. at 672. Instead, when a defendant does not object to a declaration of mistrial, the general rule is that "the Double Jeopardy Clause is no bar to retrial," because the defendant voluntarily has chosen not "to have his trial completed before the first jury empaneled to try him." *Id.* at 673. In other words, when the defendant seeks or consents to mistrial, we presume that the defendant "gives up his or her right to a verdict by that jury." *United States v. Lewis*, 368 F.3d 1102, 1108 (9th Cir. 2004).

That rule, that a declaration of mistrial at the behest or with the consent of the defendant stands as no obstacle to a new trial, has one "narrow exception"; the rule does not apply when the mistrial is caused by the misconduct of the prosecutor or judge and that misconduct is motivated by an "intent . . . to subvert the protections afforded by the Double Jeopardy Clause." *Kennedy*, 456 U.S. at 673, 676. "Only where the governmental conduct in question is intended to 'goad' the defendant" into moving for or consenting to a mistrial does double jeopardy bar a second trial. *Id.* at 676.

Here, Defendant argues that the district court engaged in misconduct because the settlement conference violated Federal Rule of Criminal Procedure 11. He further argues that the misconduct constituted "goading" because the presiding judge intended that the settlement conference result in Defendant's consent to a mistrial. Federal Rule of Criminal Procedure 11(c)(1) forbids participation by "[t]he court" in plea negotiations. At Defendant's request, Judge Settle permitted the parties to engage in a settlement conference pursuant to Local Rule 17.2, which allows the assistance of a "settlement judge" who "shall not preside over any aspect of the case, other than facilitation of a voluntary settlement." Local Rule 17.2(b). In accordance with that rule, Judge Martinez did nothing more than facilitate the voluntary settlement conference, and Judge Settle did not participate in the conference.

Before the district court and initially on appeal, the government argued that the participation by Judge Martinez in the settlement conference did not violate Rule 11, because Judge Martinez otherwise had no role in the criminal case. *See United States v. Scolari*, 72 F.3d 751, 753 (9th Cir. 1995) ("This court previously approved the participation by a settlement judge in plea negotiations in *United States v. Torres*, 999 F.2d 376[, 377] (9th Cir. 1993) [(per curiam)]."). On the eve of oral argument, however, the government informed this court that,

> in light of the Supreme Court's decision in *United States v. Davila*, 133 S. Ct. 2139 (2013), the Department of Justice has reconsidered its position regarding the settlement conference procedures permitted under [Local Rule 17.2] for the Western

District of Washington, and similar rules
adopted in other judicial districts. As a result,
the United States Attorney's Office for the
Western District of Washington will no longer
participate in this type of settlement
conference. Further, the United States will no
longer rely on the arguments [urging this
court to conclude that the settlement
conference here did not violate Rule 11].

As explained below, we need not, and do not, decide what
effect, if any, *Davila* has on this case or whether the district
court engaged in misconduct. *Compare United States v. Kyle*,
734 F.3d 956, 965–66 (9th Cir. 2013) (holding that the
district court plainly erred by participating in the parties' plea
discussion), *with Scolari*, 72 F.3d at 753 (noting that this
court has approved judicial involvement in plea negotiations
in certain circumstances). Even if we assume that the district
court violated the local settlement rule and Rule 11, we still
conclude that the district court's actions did not constitute
"goading."

Defendant argues that the court's alleged misconduct
constituted "goading" because Judge Settle intended that the
settlement conference result in a mistrial. As an initial
matter, we doubt that, without more, allowing a defendant to
participate in a settlement conference *that he
requested*—even if the conference violated the Federal Rules
of Criminal Procedure—could possibly be considered judicial
goading. As the Supreme Court stated in *Kennedy*, the
"goading" doctrine is a "*narrow* exception." 456 U.S. at 673
(emphasis added); *see also Lopez-Avila*, 678 F.3d at 962 ("In
practice, the *Kennedy* standard is rarely met."). There is no
suggestion in the record that Judge Settle had any purpose

other than, as he stated at the time, to "give the defendant every opportunity to pursue whatever resolution with the government that the government [was] to entertain." Defendant leaps from the fact that a voluntary settlement conference may result in a plea agreement and a consequent mistrial to the conclusion that the judge necessarily sought *to cause* a mistrial. There is no support in the law, in logic, or in the record for that leap.

In any event, Defendant's argument rests on a fundamental misunderstanding of the nature of the Double Jeopardy Clause in these circumstances. When a defendant moves for or consents to a mistrial, the relevant inquiry is not simply whether the misconduct conceivably could result in a mistrial. As the Supreme Court and this court repeatedly have emphasized, the relevant inquiry is whether the impropriety was an attempt to prevent the empaneled jury from reaching its verdict. *See, e.g.*, *Dinitz*, 424 U.S. at 611 (holding that the Double Jeopardy Clause bars retrial when the misconduct is aimed at "afford[ing] the prosecution a more favorable opportunity to convict the defendant" (internal quotation marks omitted)); *United States v. Tateo*, 377 U.S. 463, 468 n.3 (1964) ("If there were any intimation in a case that prosecutorial or judicial impropriety justifying a mistrial resulted from a fear that the jury was likely to acquit the accused, different considerations would, of course, obtain."); *Lopez-Avila*, 678 F.3d at 962 ("[I]n the language of veteran trial lawyers, the Double Jeopardy Clause bars retrial when a prosecutor's misconduct aims to 'burn' the jury, but not when he merely aims to convict the defendant by methods foul."); *United States v. Perlaza*, 439 F.3d 1149, 1173 (9th Cir. 2006) (noting that "the Double Jeopardy Clause 'prevents prosecutors from sinking a case they knew was doomed to end in an acquittal in the hope of having better

luck before a second jury'" (quoting *Lewis*, 368 F.3d at 1108)).

For instance, if a prosecutor thinks that the jury will acquit because the government's star witness performed poorly on cross-examination, the prosecutor's misconduct aimed at causing a mistrial would bar retrial. Or if a judge who disliked the jury's racial or professional mix engaged in misconduct in order to seek a different mix in the jury pool, the judge's misconduct leading to a mistrial would bar retrial. Here, however, nothing in the record suggests that the judge's benign acquiescence in *Defendant's own request* for a settlement conference was motivated in any way by dissatisfaction with the empaneled jury or the proceedings to date.

In these circumstances, as in *Tateo*, 377 U.S. at 467 n.2, it is "difficult to understand why [Defendant] should be treated differently from one who is coerced into pleading guilty before a jury is impaneled." Defendant already has achieved a remedy for the alleged violation of Rule 11—withdrawal from the plea agreement. The Double Jeopardy Clause protects a defendant from improper attempts by the prosecutor or the judge to avoid having the empaneled jury reach a verdict, but it does not give an added benefit to a defendant when alleged misconduct happens to occur after the jury has been empaneled but bears no relationship to the identity, composition, or proceedings of that particular jury.

**AFFIRMED.**