**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-30064, 14-30065 |
| Plaintiff - Appellee, | D.C. Nos. 3:12-cr-00538-HZ-3 3:12-cr-00562-HZ-1 |
| v. | |
| CURTIS LAMONT BROWN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Oregon
Marco Hernandez, District Judge, Presiding

Argued and Submitted October 13, 2015
Portland, Oregon

Before: TASHIMA, GILMAN,** and BEA, Circuit Judges.

Curtis Brown killed Jonas Miller on the Warm Springs Indian Reservation by

shooting him in the head while both men were heavily intoxicated. Six days later, he

helped dispose of the body of a young woman killed by others on the reservation.

_____

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of
Appeals for the Sixth Circuit, sitting by designation.

After his arrest for both offenses, the district court suggested that Brown and the government should consider resolving the case before trial. They agreed to do so, and the presiding judge referred the case to a magistrate judge for a settlement conference. The magistrate judge helped the parties reach an agreement in which Brown pleaded guilty to second-degree murder and accessory after the fact to first-degree murder. The agreement also (1) required a joint recommendation for a 20-year prison term, and (2) contained a waiver of Brown's rights to pursue any appeals.

Brown then appeared before the district judge for a change-of-plea hearing. The judge extensively discussed the terms of both the plea agreement and the included appellate-rights waiver. Brown confirmed that he understood these terms and stated that he had not been pressured to enter into the plea agreement.

The United States Probation Office then calculated Brown's advisory sentencing range under the Sentencing Guidelines to be 262 to 327 months of imprisonment. Both the government and Brown complied with the plea agreement by recommending a prison term of 20 years (240 months). At the consolidated sentencing hearing, however, the district court heard testimony from Miller's family members to the effect that a 20-year term was not a sufficient punishment. The court subsequently imposed a 25-year (300-month) sentence on the second-degree murder

conviction. It also imposed a concurrent 15-year (180-month) sentence on the accessory-after-the-fact conviction.

Brown now appeals. He first argues that the appellate waiver in his plea agreement is unenforceable. Brown next argues that his sentence should be vacated because (1) the government breached the plea agreement, and (2) the district court did not adequately explain the basis for the 25-year sentence.

A knowing and voluntary appellate waiver is enforceable except in limited circumstances, such as when a "defendant's guilty plea [is] not taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure." *United States v. Jeronimo*, 398 F.3d 1149, 1153 & n.2 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Among other things, Rule 11 precludes a district court from participating in plea negotiations. Fed. R. Crim. P. 11(c)(1).

In the present case, Brown's plea agreement was reached with the involvement of a magistrate judge. This court has previously approved such arrangements, so long as the judge participating in the settlement conference was not the presiding or sentencing judge. *See United States v. Scolari*, 72 F.3d 751 (9th Cir. 1995). But the Supreme Court's decision in *United States v. Davila*, 133 S. Ct. 2139 (2013), changed this court's analysis. As explained in the recent case of *United States v. Myers*, No. 13-10580, 2015 WL 5315376, (9th Cir. Sept. 14, 2015), "'Rule 11(c)(1)'s *prohibition*

-3-

of judicial involvement in plea discussions' extends to magistrate judges who are neither the sentencing judge nor the judge presiding over the defendant's criminal case." *Id.* at *4 (emphasis in original) (quoting *Davila*, 133 S. Ct. at 2146). Based on *Myers*, the magistrate judge's participation in Brown's plea negotiations violated Rule 11, so the appellate waiver in the plea agreement is unenforceable. *See Jeronimo*, 398 F.3d at 1153 n.2.

This Rule 11 violation would also allow Brown to challenge the enforceability of the plea agreement itself. *See United States v. Kyle*, 734 F.3d 956, 959 (9th Cir. 2013) (concluding that a Rule 11(c)(1) violation can justify vacature of a plea agreement where the violation prejudices the defendant). In the present case, however, Brown asks that we instead remand this case to the district court for specific performance of the plea agreement and enforcement of the parties' accompanying recommendation of a 20-year sentence.

Brown's first argument in support of remand is that the government breached the plea agreement by eliciting unfavorable testimony from the family members of Brown's victim. To the extent that the government facilitated such testimony, however, the government was simply fulfilling its statutory obligations under the Crime Victims' Rights Act. *See* 18 U.S.C. § 3771(a)(1)(4) (providing that victims shall have the "right to be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing"); *id.* § 3771(c)(1) ("Officers and

employees of the Department of Justice . . . shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [18 U.S.C. § 3771(a)].").

In any event, Brown's claim is subject to the plain-error standard of review because he failed to object to the testimony at his sentencing hearing. Relief is thus available only if Brown can show that the alleged breach was a "clear or obvious" error that affected his "substantial rights." *See Puckett v. United States*, 556 U.S. 129, 135 (2009). An error impacts a defendant's "substantial rights" only if there exists a "reasonable probability" that the error affected the outcome of the sentencing. *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013).

Brown cannot meet this standard because he has not shown that the 25-year prison sentence imposed by the district court was based on the statements from Miller's family members. Instead, the court appears to have based its sentencing decision on the parties' written submissions and on its own interactions with Brown. Particularly telling is the court's statement that the 20-year term recommended by the parties was not appropriate in light of Brown's history and the parties' prehearing submissions. There was no plain error.

Brown's remaining argument is that the district court did not sufficiently explain how it decided on a 25-year sentence. But because Brown's 25-year term fell within the Guidelines range of 262 to 327 months of imprisonment, the court had no

need to supply a lengthy explanation for its decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). The court noted, for example, that the 25-year sentence accounted for factors such as the need to protect the public and the need to avoid unwarranted disparities in sentencing. These statements and others indicate that the court "considered the parties' arguments and [had] a reasoned basis" for its decision. *See id.* No more was required. *See, e.g.*, *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009) ("Because the record and context make clear that the judge 'considered the evidence and arguments,' the district court made no procedural error in imposing a within-Guidelines sentence." (citation omitted)).

For all of the above reasons, WE AFFIRM.